## JAMES ALFRED WRIGHT, RESPONDENT, *v.* SOUTHERN PACIFIC COMPANY, APPELLANT.

EXPERT TESTIMONY—REVIEW ON FORMER APPEAL—INJURY TO EMPLOYE—EVIDENCE.

1. Whether a witness is shown to be qualified to testify as to matters of opinion is a preliminary question for the trial judge to pass upon at the trial, and his discretion is conclusive unless manifestly erroneous as a matter of law, and the running and management of locomotives is so far a part outside of the experience and knowledge of ordinary jurors as to render expert testimony proper and admissible.

2. It is not necessary or usual for the supreme court to pass upon each and every question raised on appeal when the case is reversed. It is sufficient to pass upon and determsne such questions raised on the appeal as are necessary to the final determination of the case.

3. The population of the place where the injury happened, the proportion of the population that were railroad employés, and the danger of those not engaged in or immediately connected with the making up of trains, were questions not relevant to the case as presented.

(No. 809.   Decided June 24, 1897.)

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge*.

Action of tort by James Alfred Wright against the Southern Pacific Company. Judgment for plaintiff, defendant appeals. *Affirmed.* (The same case is reported in 14 Utah 383.)

*Marshall & Royle,* for appellant.

*Richards & Macmillan* and *A. E. Pratt,* for respondent.

MINER, J.:

This action was brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant in failing to furnish a fireman in addition to the engineer to operate its engine, and in the engineer negligently failing to obey the signals given, while acting in the double capacity of engineer and fireman. The record shows that the plaintiff was a switchman in the employ of the defendant at the time of the accident. On the morning of the 11th day of August, 1892, about 1:15 o'clock, he was performing his duties as switchman, and, for the purpose of uncoupling them, went in between two cars of a freight train, which was standing upon a slight grade, so that the links were drawn tight. Being unable to uncouple them on account of the grade, he came out from between the cars, and with his lantern signaled the engineer, who performed the duties of fireman as well as engineer, to back up slowly, and then stepped in again between the cars to pull the pin the moment the slack came, and stood with his back towards the engine and one hand upon the rung of the ladder on the car in front of him. The engineer saw and obeyed the signal, but the train came back with a jerk,

and plaintiff's right heel was caught and held by the brake beam. He immediately grasped the rung of the ladder with his other hand, and signaled the engineer with his lantern to stop, throwing his lantern out to one side. This signal was not seen by the engineer, who at this particular moment was necessarily engaged in shoveling coal into the fire,—a duty which should have been performed by a fireman,—and the plaintiff was dragged for some distance until his hands were jerked from their hold upon the ladder, and he was thrown under the wheels of the car, which passed over his leg, necessitating its amputation at a point about seven inches above the knee.

On the trial of the case Mr. Doughty was called as a witness for the plaintiff, and gave testimony tending to show that he was the engineer operating the engine at the time of the accident, and had been so employed for about one year; that he had been in the employ of the defendant company since 1885; that he was car inspector for the defendant the first year at Carlin; had worked as helper in the machine shops for several months; worked as fireman on the road for three years; again as repairer for several years at different points on the road; that it was his duty as helper to take care of the engines and fix them up, and prepare them to go out; since July, 1891, had charge of the switch engine, and run it at night; that his duty was to run the engine as engineer, and do the firing when needed. No fireman was furnished on the engine at the time of the accident. Thereupon the plaintiff asked the witness the following question: "Now, Mr. Doughty, I want to ask you, in your opinion, in view of the work that had to be done in the Carlin yard, and was done there every day, and that was being done at the time of the accident, whether, in your opinion, it was necessary, for the safety of the employés,—switchmen and

others,—that there should be a fireman and engineer upon the engine when she was in motion and at work." The question was objected to " as immaterial and irrelevant, and the witness is not shown to be competent." The objection was overruled, and an exception taken by defendant. Appellant now insists that this ruling was prejudicial error, and that the respondent had no right to substitute the opinion of the witness for that of the jury. The respondent insists that this question was passed upon on the former hearing, reported in 14 Utah 383, and that such decision has become the law of the case. Upon this question we find the same character of evidence was given at the preceding trial, but it does not appear from the abstract in the case that there was any objection to the testimony, although there was an assignment of error upon the admission of the testimony. It is evident that this court did not pass upon this question upon the former appeal. It is not usual or necessary for the supreme court to pass upon each and every question raised on appeal when the case is reversed. It is sufficient to pass upon and determine such questions raised upon the appeal as are necessary to the final determination of the case. This was done in that case.

As to the other question, it does not appear that the question was objected to as incompetent. Nor was there any objection made that the question did not embrace or embody all the facts upon which the question was predicated. It appears that the witness was shown to be competent to testify as an expert. Whether a witness is shown to be qualified to testify as to matters of opinion is a preliminary question for the trial judge to pass upon at the trial, and his discretion is conclusive unless manifestly erroneous as a matter of law. *Railway Co.* v. *Novak*, 9 C. C. A. 629.

It also appears that the subject about which the witness was called upon to give his opinion was not a matter of such common knowledge that the jury could judge as intelligently as one skilled in the use and management of an engine. In *Railroad Co.* v. *Bailey,* 11 Ohio St. 335, the court said: "That the running and management of railroad locomotives and trains is so far an art outside of the experience and knowledge of ordinary jurors as to render the opinions of persons acquainted with the running and management of such locomotives and trains, as experts, admissible and proper testimony in proper cases, is very clear on principle, and is so recognized in *Quimby* v. *Railroad Co.,* 23 Vt. 394; *Railroad Co.* v. *Reedy,* 17 Ill. 580; and *Railroad Co.* v. *Smith,* 22 Ohio St. 227. See, also, Rice, Ev. p. 364; *Railway Co.* v. *Thompson,* 75 Tex. 501; Rog. Exp. Test. pp. 236, 237, § 104; *Howland* v. *Railway Co.,* 110 Cal. 513; *Hammers'burg* v. *Railway Co.,* 62 Mo. App. 563; *Lau* v. *Fletcher* (Mich.) 62 N. W. 358; *Frace* v. *Railway Co.* 22 N. Y. Supp. 958; 2 Jones, Ev. § 383; Lawson, Exp. Ev. p. 86; 3 Phil. Ev. (1885.) p. 270.

We are of the opinion that no error was committed in admitting the testimony under the objection made.

Counsel for defendant asked a witness for the defendant the following questions: "What is the population of Carlin? What proportion of the population of Carlin are railroad employés? Was there any special danger to any one other than those immediately connected with the making up of trains?" Each question was objected to as immaterial and irrelevant. The objections were sustained, and the defendant excepted. It is difficult to see wherein these questions were material or relevant. The first two had reference to the time of the trial. The hazard and danger to the plaintiff did not depend upon the

population of Carlin. What danger others not operating the train were in was not important to this inquiry. An answer to either question would not necessarily refute the plaintiff's testimony that a fireman was necessary to operate the locomotive. We see no error in the ruling of the court. All other questions raised by the appellant in its brief and discussed in the argument of the case were passed upon adversely to the appellant's contention at the former hearing of this case, reported in 14 Utah 383. Upon the whole record, we find no reversible error. The judgment of the court below is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.