## GRAHAM v. OGDEN UNION RY. & DEPOT CO.

No. 5144. Decided December 30, 1931. (6 P. [2d] 465.)

1

N. J. *Harris,* of Ogden, for appellant.

*Geo. H. Smith, R. B. Porter,* and *W. Hal Farr,* all of Salt Lake City, and *J. E. Evans,* of Ogden, for respondent.

FOLLAND, J.

By this action plaintiff seeks to recover damages for personal injuries claimed to have been suffered August 29,

1923, when a wagon in which she was riding tipped over, the horse drawing the same becoming frightened through the alleged fault of the defendant in the operation of its switch engine at a railroad crossing in Ogden, Utah. This is the third action brought to recover for the injuries alleged. The first was filed in the city court of Ogden, and on appeal to the district court was dismissed by plaintiff at the trial after both sides had rested. The second action was also filed in the city court, and appealed to the district court, where a trial resulted in a verdict for plaintiff. An appeal from that judgment to this court brought about a reversal. *Graham* v. *Ogden Union Railway & Depot Co.*, 71 Utah 365, 266 P. 504, 509. On a retrial in the district court a nonsuit was granted and the cause dismissed. The present action was filed in the district court of Weber county December 21, 1929, wherein plaintiff prayed for general damages and also exemplary damages. Upon the trial, the court directed a verdict in favor of defendant, from which judgment plaintiff appeals.

At the time of the accident resulting in the alleged injuries, plaintiff was an occupant of a wagon driven by one Ross Gray. He and she testified that they waited in the wagon on Twenty-eighth street in Ogden City, where there were a number of railroad tracks across the street, at a point about 33 feet west of the west tracks, until a freight train cleared the switch just south of the crossing, and then started forward toward the crossing when a switch engine, which had been standing immediately north of the north line of Twenty-Eighth street, moved southward over the crossing emitting quantities of steam and hot water which frightened the horse and caused it to back and tip the wagon over. Other witnesses testified concerning the nature, extent, and use of the crossing. By another witness, Samuel A. Blair, a retired groceryman, farmer, and former railroad brakeman and conductor, plaintiff sought to show that it was unnecessary in the movement of the switch engine at the crossing to emit steam and hot water. The court sustained objections to this testimony on the ground, principally,

that the witness was not shown to be qualified as an expert to express an opinion on the subject. Plaintiff excepted to the rulings and, without calling any other witness on the subject of the emitting of steam in the movement of the switch engine, rested her case. She had also failed to prove that the action before the court was for the same cause of action as that previously brought and dismissed. Defendant thereupon rested without offering any testimony and moved for a directed verdict on certain specified grounds, among others, that plaintiff had failed to identify the present action with the former one in order to avoid the plea of the statute of limitations, and that she had failed to prove that escape of steam and hot water from the switch engine as it moved across the crossing was unnecessary in the proper operation of the engine. Immediately after the motion was made, and before final submission of that question to the court or the case to the jury, the plaintiff moved for permission to reopen her case for the purpose of supplying evidence on both the mentioned points. The motion was denied, the court stating: "The plaintiff having rested and the defendant also having rested, the motion comes too late."

Counsel for plaintiff represented that his failure to supply proof of identity of the cause of action with the one formerly brought and dismissed was due entirely to oversight, and that the missing proof could and would be supplied without delay by offering the files of ∎ the former case, which were then in court in custody of the clerk. It is not so clear that the other evidence with respect to the operation of the engine could be supplied so readily. It appears from statements of counsel that the engineer of defendant company was present in court, he having testified at a former hearing as to the construction of the engine and whether or not it was necessary in the operation of the engine at the time and place to emit steam. There is nothing in the record to indicate that evidence on the subject could not be supplied without unreasonable delay. The court, however, did not deny the motion on the ground that a reopening of the case would work unreason-

able delay, nor that if the proposed evidence had been supplied and were before the court that, nevertheless, the motion for a directed verdict must be granted on other grounds stated. The only reason given for denial of plaintiff's motion to reopen being that "the motion comes too late." In this the court erred. It is well settled in this jurisdiction that in making motions for nonsuit and directed verdict the movant is required to "specifically state the grounds upon which the motion is based" for the purpose of apprising "the plaintiff of the particulars wherein it is claimed his proof is deficient, so he may supply it if he is able to do so and prevent the expense and necessity of a retrial of the case." *Gesas* v. *O. S. L. R. R. Co.*, 33 Utah 156, 93 P. 274, 277, 13 L. R. A. (N. S.) 1074. The Gesas Case stated the rule with respect to motion for nonsuit, but the same rule is applied to a motion for a directed verdict in the case of *Smalley* v. *R. G. W. R. Co.*, 34 Utah 423, 98 P. 311, 316, wherein the court said "for much stronger reasons should such opportunity be given him on a motion for a direction of a verdict, which, if granted, would be a bar to another action." See, also, *Morris* v. *Salt Lake City*, 35 Utah 474, 101 P. 373. The rule, thus announced, would be a futility if, when plaintiff's attention is called, in the motion for directed verdict, to deficiencies in his proof, he is not permitted to reopen his case for the purpose of supplying such deficiencies if it is possible for him so to do without unreasonable delay.

In view of the history of this litigation and the many times the case has been before the courts for trial, we can well appreciate the apparent impatience of the court in his refusal to reopen the case. In the light of the many trials of the action, counsel for plaintiff should have had his case so prepared that he could have presented all his evidence before resting. Notwithstanding this, however, where through oversight or surprise counsel does rest, and upon a motion for directed verdict his attention is called to deficiencies in his proof, and he timely moves the court for the privilege of reopening the case to supply evi-

dence which he claims can be promptly produced and offered, he should not be denied that opportunity. The refusal of the court to grant the motion to reopen the case under these circumstances is error so affecting the substantial rights of the plaintiff as to justify a reversal of the cause.

One other question requires attention, and that is the rulings of the court sustaining objections to the competency of the witness Blair to testify as an expert. This court, on the previous appeal of *Graham* v. *Ogden Union Railway & Depot Co.*, supra, held that in order to establish negligence as alleged in the emission of steam and hot water from the switch engine "it is incumbent upon plaintiff to show that it was not necessary to emit the steam in the operation of the railroad." Questions were directed to the witness Blair in an attempt to elicit proof to the effect that it was unnecessary to emit steam in the operation of the switch engine at the time and place of the accident, but objections were sustained by the court on the ground that the witness was not qualified to answer. The court rightly held that the subject-matter was one where expert testimony was proper as an aid to the jury in reaching a conclusion on the ultimate question of whether or not the defendant was guilty of negligence in the operation of the switch engine. The question as to whether the witness had shown such knowledge, special skill, or experience as to entitle him to express an opinion is a preliminary one for the court to decide before the testimony is received, and ordinarily an appellate court will not disturb the trial court's ruling except for a clear abuse of discretion. The rule applicable is stated as follows:

"Whether or not the qualification of a witness with respect to knowledge or special experience is sufficiently established is a matter resting largely in the discretion of the trial court, whose determination is usually final and will not be disturbed by an appellate court, except in extreme cases where it is manifest that the trial court has fallen into error or has abused its discretion, and that prejudice to the complaining party has resulted, even though the appellate court might have decided differently if the question had been presented to it in the first instance." 22 C. J. 526.

This rule is supported by decisions from this court. *Garr* v. *Cranney*, 25 Utah 193, 70 P. 853; *Olson* v. *O. S. L. R. Co.*, 24 Utah 460, 68 P. 148; *Wright* v. *Southern Pacific Co.*, 15 Utah 421, 49 P. 309.

The witness testified he had worked for several years as a brakeman and conductor on the railroad, but had ceased to work for the railroad 43 years ago; that during the time of his employment with the railroad he had occasionally operated locomotives, although he had never been regularly employed as an engineer, nor had he passed the examination for engineers; that since such time he had been a farmer, a groceryman, and had operated stationary engines. He also said he had had nothing to do with locomotives since the time he worked for the railroad. The testimony was very meager from which it could be inferred that this witness had by study, observation, or experience kept abreast of the improvements in the art of constructing and operating locomotive engines, and it was not clearly shown that locomotives today are operated in substantially the same manner with respect to the discharge of steam as obtained 43 years before. While some familiarity with locomotive engine operation was shown by the witness as of 43 years before, his knowledge of present day operations was not sufficiently shown to justify us in saying that the trial court abused its discretion in refusing to permit this witness to give his opinion as to whether the discharge of steam and hot water was necessary or unnecessary in the proper and prudent operation of the switch engine in question. *McEwen* v. *Bigelow*, 40 Mich. 215.

The judgment is reversed, and the cause remanded to the district court of Weber county, with directions to grant a new trial. Neither party to recover costs on appeal.

CHERRY, C. J., and ELIAS HANSEN and EPHRAIM HANSON, JJ., concur.

STRAUP, J. (dissenting in part).

I concur in the reversal of the judgment and in remanding the case for a new trial. I do not concur in the holding

affirming the ruling of the court below excluding the proffered testimony of the witness Blair. The material matter in such respect was as to whether it was reasonably necessary, in the operation of the engine with due care, and under the circumstances disclosed by the evidence, to emit steam as was done at the time in question, and to the extent and in the manner the steam under the circumstances was emitted. On the record, and on the showing that the mechanism and operation of the engine at the time in question so far as it related to the subject involved—the emission of steam—were not materially different from locomotive engines operated by the witness and with which he was familiar, and in such particular were not materially different from stationary engines frequently operated by the witness before and since he left the service of the railway company, I think the witness was shown to be sufficiently qualified to answer, if not all, at least some of the questions propounded to him to which objections were made and sustained. In my view, and as disclosed by the record, the objections and rulings made in such particular involved mere weight of the proffered testimony, and not the competency of the witness.