**NORTHERN**

v.

**GENERAL MOTORS CORP.**

No. 7973.

Supreme Court of Utah.

March 30, 1954.

Rich, Elton & Mangum, Salt Lake City, for appellant.

Rawlings, Wallace, Black, Roberts & Black, Dwight L. King, Salt Lake City, for respondent.

JONES, District Judge.

This is an action brought against a truck manufacturer, wherein it was alleged that a defective steering arm had been negligently installed in a new vehicle. From an adverse judgment, after verdict, the manufacturer appeals.

Respondent had purchased the new truck in question from appellant's dealer a short time prior to the accident. He testified that the accident happened when the steering mechanism broke, the vehicle left the highway, and tipped over as the loaded truck was moving down a hill. After the accident, a broken steering arm was discovered on the vehicle.

### Questions to be Answered

Was there any substantial evidence presented showing that the steering mechanism was defective at the time of manufacture?

 This must be answered in the affirmative. In addition to the usual testimonial evidence, there was presented to the jury the broken steering part as well as photographs of the same. A cursory examination of these exhibits shows a distinct penetration of rust into the steel, at the place of the break. (The important fact to bear in mind on this question is that this vehicle had been on the road only a few days.) It appears that the part in question had been encased in a greased shaft, when assembled in the truck, and had so remained enclosed until the time of the accident. This being true, appellant's argument to the effect that the break could only have occurred when the truck hit a tree and tipped over is not conclusive, because it can be said as a matter of common knowledge, 31 C.J.S., Evidence, § 75, page 656, that rust and discoloration of a piece of metal does not instantaneously occur upon its exposure to air. It follows, therefore, that there was substantial evidence in the record upon which a reasonable inference could be drawn that the defect existed at the time it was assembled.

Was there any evidence that such defect was discoverable by reasonable inspection?

This must, also, be answered in the affirmative. Here immediate, real evidence was presented to the jury showing a discoloration which had substantially permeated into the metal at the place of the break. In this day of the X-ray and other elaborate methods of testing steel, see Livesley v. Continental Motors Corp., 331 Mich. 434, 49 N.W. 2d 365, appellant is in no position to urge that a fracture in so important a part of a motor vehicle as the steering mechanism, is not reasonably discoverable. See comment to Sec. 395, Torts, Restatement of the Law. So, a jury question, likewise, was presented on this issue. On the one hand, the plaintiff presents the discolored and rusty steering arm, taken from his recently purchased new truck and, on the other hand, the appellant tenders testimonial evidence showing the elaborate inspection processes followed in testing each piece of steel which is assembled into its steering mechanisms.

Was there any substantial evidence presented which showed that the injury to respondent was caused by the failure of the pitman shaft due to its defective condition?

Appellant invites our attention to certain admission elicited from respondent during his cross examination which, it asserts,

proves conclusively that the fracture in the steering arm was not a substantial factor in bringing about the accident. But we are not required to accept a portion only of plaintiff's testimony. A review of plaintiff's entire evidence compels us to conclude that (a) the factor which contributed in producing the harm was (taking plaintiff's theory of the case) the fracture in the steering arm when manufactured; (b) looking back at this time, it appears highly probable that the harm was brought about by the manufacturer's negligence in failing to inspect properly the steering mechanism; (c) the manufacturer's conduct created a factor which appeared in continuous and active operation up to the time of the accident; and (d) there was no great lapse of time after the purchase of the vehicle to the day of the accident. See Sec. 433, Torts, Restatement of the Law. It appears, therefore, that there was sufficient evidence in the record to permit the case to go to the jury on the question of causation.

■ Did the trial court err in permitting the two machinists to voice their opinions concerning the break in the steering arm?

At the outset it should be observed that one of these witnesses was permitted, without objection, to testify that "the part apparently had a flaw," and no proper motion to strike was subsequently interposed so as to protect the record. But be that as it may,

these witnesses were machinists qualified by forty years of experience in handling, machining, fashioning and welding metals. Both were at the scene of the accident immediately following its occurrence. Each examined the broken pitman shaft and discovered the presence of rust thereon and thereafter gave testimony that the presence of the rust indicated a flaw in the shaft. And considering the discoloration which had entered into the interior of the steel at the place of fracture, which was and is apparent to the naked eye, it is felt that no error was committed by permitting these witnesses to give their opinions as to whether there was a flaw in the metal. See Wright v. Southern Pac. Co., 15 Utah 421, 49 P. 309; Graham v. Ogden Union Ry. & Depot Co., 79 Utah 1, 6 P.2d 465. And it has been held that an ordinary witness may testify that there was an old break in a railway car wheel. Cleveland & Southwestern Traction Co. v. Ward, 27 Ohio Cir.Ct. 761. The foregoing comments relate to the competency of these machinists to testify. The question as to the weight which should be accorded such evidence has not been raised and is not, therefore, before us.

In reaching the foregoing conclusions, we have not been unmindful of the cases cited by appellant. But none of them are as persuasive as the recent Utah case of Hooper v. General Motors Corp., 260 P.2d 549, which appears to be controlling as to most of the issues presented here.

12

The judgment below should be, and is affirmed. Costs to respondent.

McDONOUGH, CROCKETT and WADE, JJ., concur.

HENRIOD, J., concurs in the result.

WOLFE, C. J., being disqualified does not participate herein.