358 P.2d 81

**WEBER BASIN WATER CONSERVANCY DISTRICT, Plaintiff and Respondent,**

v.

**J. Bert NELSON and Myrtle G. Nelson, et al., Defendants and Appellants.**

No. 9256.

Supreme Court of Utah.

Dec. 21, 1960.

---

2. Weiss v. Meyer, 24 Or. 108, 32 P. 1025.

Glen E. Fuller, Scott D. Allen, Salt Lake City, for appellants.

E. J. Skeen, Salt Lake City, Neil R. Olmstead, Ogden, for respondent.

CALLISTER, Justice.

Plaintiff commenced this action to condemn[1] certain lands in Weber County necessary to the enlargement of the Pineview Reservoir. Among the lands condemned was a parcel of 10.3 acres belonging to J. Bert Nelson and Myrtle G. Nelson, the defendants and appellants herein. They appeal from an award in the sum of $5,397.

The 10.3 acre parcel is a part of a tract belonging to defendants which had originally been operated as a dairy farm. Prior to 1954 most of the pasture land used by the defendants in the dairy operation was leased by them. However, the lease expired in that year and these lands are now inundated by water.

Except for the parcel in question, which is situated on a hillside at the western end of the farm, the land of the defendants is level, irrigated, and utilized for the growing of crops. Located at the east end of the farm are various buildings, including a hay barn, milking parlor, livestock shed and machine shed, which had been used in the dairy operation. A spring is located on the 10.3 acre parcel which was used to water the dairy animals.

There is a dispute between the parties as to how much of the condemned parcel is suitable for pasture, but both parties concede that the remainder of the property is not suitable for a dairy operation, and that the buildings peculiarly suited to the dairy operation have lost much of their value. Plaintiff attributes this situation more to the loss of the leased lands, while defendants contend that if the 10.3 acre parcel had not been condemned they would have been able to continue a 25-cow dairy operation.

Upon this appeal the defendants assign as errors the following:

(1) The jury's answers to the special interrogatories submitted to them are inconsistent with each other and are inconsistent with the general verdict.

(2) The court erred in permitting the witness Warnick to testify as an expert on behalf of the plaintiff; and,

(3) The court erroneously instructed the jury with regard to damages.

(1) Each side of the controversy had an appraiser to testify as to the value of

1. Title 73, Ch. 9, U.C.A.1953.

defendants' property before and after the taking. Plaintiff's appraiser testified that the fair market value of the property, including buildings, was $51,600 before the taking. Defendants' appraiser placed the fair market value of the property, including the buildings, at $46,203.10 after the taking.

The pertinent interrogatories submitted to the jury, and its answers thereto, are as follows:

"1. What was the reasonable fair market value of the defendants' total property as of March 24, 1957 (the day before the taking of the 10.3 acres, assuming a purchaser and seller both did not know it was to be taken)?

"Answer ...........$51,600.00

"2. What was the reasonable fair market value of the defendants' total property as of March 26, 1957 (the day after the taking of the 10.3 acres, assuming a purchaser and seller both knew the said property was taken)?

"Answer ...........$46,203.10."

Defendants argue that it is obvious from the answers of the jury that they adopted the "before" value of the appraiser for the plaintiff and the "after" value of their appraiser. They maintain that these answers are inconsistent because the "after" figure ($46,203.10) as computed by their

appraiser, contains appraisal figures on certain buildings which exceed those contained in the "before" value ($51,600) placed upon them by the plaintiff's appraiser.

 The answers to the interrogatories are not, in and of themselves, inconsistent. Nor are they unreasonable or unsupported by the evidence. The jury was entitled to believe or disbelieve in part or in whole the testimony of the two appraisers. Regardless of how arrived at, the jury chose the "before" value of plaintiff's appraiser and the "after" value of defendants' appraiser. Presumptions and intendments cannot be indulged in to establish a contradiction or inconsistency in the findings or answers of a jury to special interrogatories, the presumption being always to the contrary.[2] And this court cannot go behind the answers and analyze or speculate as to the process by which the jury arrived at them.[3]

The difference in the "before" and "after" values, as found by the jury, is $5,396.90. However, in obvious conflict with its answers to the special interrogatories, the jury's general verdict was in the amount of $4,897.

After the verdict was rendered, but before judgment, the defendants filed a "Mo-

2. 89 C.J.S. Trial § 562, p. 324.
3. Hanna v. Central States Electric Co., 210 Iowa 864, 232 N.W. 421; see also

Cottrell v. Grand Union Tea Co., 5 Utah 2d 187, 299 P.2d 622.

tion for Entry of Judgment or For New Trial." In this motion the defendants asked the court to enter a judgment in accordance with the general verdict and the answers to the special interrogatories in a manner consistent in amount with the evidence and the answers, or, in the alternative, that a new trial be granted. The trial court, after argument upon the motion, entered judgment for the defendants in the sum of $5,397, stating in his memorandum decision that "The apparent incorrectness in verdict and the interrogatory is in reality a mathematical error of 500 units (dollars; of course 90¢ is rounded off to one dollar.)"

The matter of entering judgment in accordance with the answers is within the discretion of the trial judge,[4] which was properly exercised in this case. Furthermore, the court's action was in response to defendants' motion.

(2) Plaintiff called a Mr. Warnick as an expert witness who testified as to the carrying capacity of the condemned parcel for the grazing of cattle. Defendants contend that he was not properly qualified to testify in this regard because he lacked knowledge and experience concerning the pasturing of livestock and had not made an investigation of the particular parcel here involved to determine its productivity or carrying capacity. However, the witness testified that he was raised on an all-purpose farm and remained on it until he was 22 years of age; that he is a civil engineer and has had considerable experience in the analysis of farms and their carrying capacity; and, that he was familiar with land involved and the vegetative cover throughout the reservoir area.

The matter of proper foundation or qualification of a witness to state an opinion, where the same is permissible in evidence, lies largely within the sound discretion of the trial court. The determination of the trial court will not be disturbed except in extreme cases where it is manifest that the trial court abused its discretion.[5] Under the circumstances, the trial judge properly permitted the testimony of Mr. Warnick.

(3) It is finally contended by defendants that the trial court erred in giving the following instruction:

"No. 12. You are instructed that for the purpose of determining the amount of just compensation to be awarded to the defendants, there is a

---

4. Rule 49(b) of the U.R.C.P. provides in part: "* * * When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial * * *."

5. Graham v. Ogden Union Ry. & Depot Co., 79 Utah 1, 6 P.2d 465.

distinction between damage to lands and improvements not taken, which result from the taking of a part of the defendants' property, and damage to the "dairy Business" heretofore conducted by the defendants on their lands. Damage to the lands and improvements not taken constitutes severance damage for which compensation may be awarded, but no compensation can be awarded for damage to or destruction of a "dairy business" regardless of who conducted it on the land. Severance damages are awarded only for loss of "market value" which could be expected in a sale. Therefore, loss in "market value" is to be compensated for and may be reflected in part in the adaptability of the land and improvements for profitable use, but other losses to a profitable business is not compensable."

The defendants concede that they are not entitled to be compensated for any loss of future profits or business, however, they argue that the wording of the instruction conveyed to the jury an impression that damages could not be awarded for the reduction in the value of the buildings which had been used in the dairy operation. We do not so interpret the instruction. There is nothing contained therein to negative the right of defendants to damages for the possible reduction in value of the farm buildings. Furthermore, in other instructions the jury was clearly advised that such damages were compensable.

Affirmed. Costs to plaintiff (respondent).

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.