430 P.2d 167

STATE of Utah, By and Through its ROAD
COMMISSION, Plaintiff and Respondent,

v.

Charles W. TAGGART, Trustee, a partner-
ship, Salt Lake County, a body politic,
First Security Bank of Utah, a Utah cor-
poration, and Zions First National Bank, a
Utah corporation, Defendants and Appel-
lants.

No. 10594.

Supreme Court of Utah.

July 10, 1967.

Parsons, Behle, Evans & Latimer, Robert
S. Campbell, Jr., Salt Lake City, for appel-
lants.

Phil L. Hansen, Atty. Gen., Salt Lake
City, for respondent.

TUCKETT, Justice:

This is an action in eminent domain
wherein the plaintiff, respondent herein,
seeks to take for highway purposes 78.11
acres. The highway facility will be of the
nonaccess type.

The proposed highway as it traverses the defendants' property is shown on the map. The outer perimeter of the defendants' property is marked in a heavy line.

The tract of land owned by the defendants prior to these proceedings consisted of approximately 927 acres of land located immediately west of Redwood Road and lying between 2100 South and 3100 South Streets in Salt Lake County. Approximately 190

acres of the land is covered by a shallow lake known as Decker Lake. Decker Lake is surrounded by an earthfill embankment and serves as a collection basin for surface runoff and irrigation waters used upon the land in the vicinity. The outflow from Decker Lake is through an open drain running from the east end of the lake to the Jordan River upon land owned in fee by three irrigation companies. Within the overall tract limits as set forth on the above map the Utah Power & Light Company owns in fee a corridor 165 feet wide upon which are constructed transmission lines. The corridor is west of the proposed highway right-of-way and beginning at 2100 South it runs southerly for some distance where it makes a turn to the southeast, leaving the subject tract. In addition to the above mentioned features the defendants' tract of land is bisected by irrigation and drainage canals. Access to and from the highway facility in the vicinity of the defendants' property will be limited to an interchange at 2100 South Street. There will be no access between the segments of the defendants' property either over or under the proposed facility.

The matter went to trial solely on the issue of damages suffered by the landowners. The jury found that the fair market value of the 78.11 acres taken by the State was of the value of $308,301. The jury further found that the remaining 848 acres had been damaged in the sum of $41,576 by reason of the severance of the property by the construction of the highway.

The defendant landowner Taggart, being dissatisfied with the findings of the jury, has appealed to this court, claiming that the trial court was in error in three particulars. The said defendant claims that the trial court erred in refusing to grant a new trial on the basis of inadequate damages; secondly, that the trial court erred in refusing to permit defense counsel to cross-examine an appraiser for the State as to a prior appraisal made of adjoining property; thirdly, the defendant Taggart claims that the instructions of the lower court as to the defendant's burden of proof were erroneous.

As to the first claimed error the said defendant landowner does not make a serious claim of error as to the value of the land taken and the jury's findings in respect thereto. However, he does urgently complain as to the jury's findings in respect to severance or consequential damage. The records show that appraisers for the defendant testified to estimates of the damages suffered by the remaining property of the defendant ranging from a low of $178,069 to $315,415. One of the State's appraisers, R. S. Fletcher, testified that the owner would suffer no damage by reason of the severance of the tract of land. Another State appraiser, A. B. C. Johns, Jr., testified that the damage by reason of severance would amount to $44,183, less certain

benefits which would accrue to the land by reason of construction of the highway. The defendant in support of his contention argues that the appraisers who testified for and on behalf of the defendant were better qualified to assess the damages sustained by the defendant than were those appraisers employed by the State. The determination of the relative superiority of qualifications of witnesses including expert witnesses is solely a matter for the jury.[1] It was within the province of the jury to give such weight to the testimony of each of the experts as the jury thought it was entitled to and it was for the jury and the jury alone to decide what weight, if any, should be given to the testimony of any witness. The finding of the jury in respect to severance or consequential damage was within the range of the testimony upon that subject matter. We are of the opinion that there is a reasonable basis in the evidence for the finding of the jury in respect to damages and that the trial court did not abuse its discretion in denying the defendant's motion for a new trial on that basis.[2]

As to the defendant's second assignment of error wherein he claims that defendant's counsel was unduly restricted in cross-examination of the State's appraiser, A. B. C. Johns, Jr., it is based upon the following ruling. The defendant's counsel attempted to cross-examine the witness as to his appraisal of an adjoining tract of land referred to in the record as the Condas property. The record in that respect is as follows:

(BY MR. CAMPBELL) Q. You testified in that condemnation (proceedings) on behalf of the landowner, didn't you?

A. Yes, sir.

Q. You recall the—you testified the fair market value of $10,000—

(MR. NOVAK): Objection, your Honor.

(MR. CAMPBELL): I have the right, I think, to state my question—that you appraised that Condas Piece for the land-owner for $10,000 an acre?

After a conference with counsel at the bench, the court made the following ruling:

The objection is sustained. The question and answer are stricken and the jury is admonished to disregard the testimony with respect to the price of adjoining property and I might make this explanation, that is, while inquiry with respect * * * on cross-examination of factors considered in nearby areas is a proper exercise of cross. It is the court's judgment that in this instance the value of that is outweighed by the risks involved in introducing other issues which we do not have the time to resolve. We are

1. Weber Basin Water Conserv. Dist. v. Nelson, 11 Utah 2d 253, 358 P.2d 81.

2. Campbell v. Safeway Stores, 15 Utah 2d 113, 388 P.2d 409; Paul v. Kirkendall, 1 Utah 2d 1, 261 P.2d 670; Schneider v. Suhrmann, 8 Utah 2d 35, 327 P.2d 822.

not about to retry that case or the factors involved there, so for that reason I ask you to disregard that testimony and that question completely.

The defendant made no offer of proof so we are unable to determine from the record before us what other matters counsel wished to pursue on that subject. Without a showing or an offer to prove similarity of the Condas property with the subject property, we are unable to say that the ruling of the court was arbitrary and unreasonable.[3] It may be noted that after the ruling of the court the attorney for the defendant did cross-examine the State's witness at considerable length.

The defendant's third claim of error deals with the court's instructions which in effect told the jury that the defendant landowner had the burden of proving by a preponderance of the evidence the value of the land taken and the amount of damage sustained by the remaining tracts. The defendant urges quite forcibly that the law should not place upon him the burden of proving value and damages where the State is taking private property by eminent domain and against the owner's will. The rule placing the burden upon the landowner has come down to us from early times in this jurisdiction. While the owner has the burden of proof, he also has the right to open and close on the trial of those issues, which procedural advantage tends to balance out any disadvantage the property owner may suffer by reason of the burden he must sustain.

Review of the instructions of the court pertaining to the value of the property, damages and the burden of proof correctly enunciate the law respecting these matters as set forth in the prior decisions of the court. We are of the opinion that the jury was not misdirected by the court's instructions.

We are of the opinion that the jury's findings and the court's judgment entered upon those findings should be, and the same are, affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

3. State By and Through Road Commission v. Christensen, 13 Utah 2d 224, 371 P.2d 552; Seattle & M. Ry. Co. v. Gilchrist, 4 Wash. 509, 30 P. 738; Nichols on Eminent Domain, Vol. 5, Sec. 18.45, p. 277.