No. 12544

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

CLIFFORD Y. NIXON and
OLGA L. NIXON, husband and wife,

Plaintiffs and Appellants,

-vs-

JELKE HUTTINGA and LOUWINA HUTTINGA,
husband and wife,

Defendants and Respondents.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Landoe and Gary, Bozeman, Montana
Hjalmar B. Landoe argued, Bozeman, Montana
Ronald K. Olson, Bozeman, Montana

For Respondents:

Bolinger and Wellcome, Bozeman, Montana
Page Wellcome argued, Bozeman, Montana

---

Submitted: December 4, 1973

Decided: JAN 22 1974

Filed: JAN 22 1974

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiffs Clifford Y. Nixon and Olga L. Nixon, husband and wife, appeal from a judgment dismissing their complaint in an action seeking an injunction and damages in connection with a claimed ditch right. The case was tried by the district court of Gallatin County, sitting without a jury. Following trial the district court granted defendants' motion to dismiss for failure to show a right to relief pursuant to Rule 41(b), M.R.Civ.P. Defendants are Jelke Huttinga and Louwina Huttinga, husband and wife. Hereinafter plaintiffs and defendants will be referred to in the singular.

The dispute concerns an irrigation ditch which runs across defendant's land and connects Little Bear Creek with Big Bear Creek. Plaintiff proceeded on the theory that he had a ditch right by virtue of grant, explicitly rejecting any claim of right by adverse possession. Defendant's answer put in issue the existence of this right.

Plaintiff's proof was not extensive. He introduced his deed which conveyed to him a water right in Bear Creek and "water ditches appurtenant to said premises or used in connection therewith * * *." The deed also contained a general conveyance of his grantor's interest in any "water ditches to the same belonging * * *."

Plaintiff testified that the ditch in question was in existence some 38 years ago when he purchased the property and he had used it at irregular intervals, most recently in 1961 or 1962, to divert water from Little Bear Creek to a point on Big Bear Creek above his irrigation head works. On cross-examination plaintiff admitted the ditch was in such a state of disrepair that even apart from the damage done by defendant it was completely unusable.

At plaintiff's request the district court took judicial notice of the judgment decreeing plaintiff a water right in Bear

- 2 -

Creek, but the district court found that the judgment did not give plaintiff a right to divert water from Little Bear Creek.

Here, the only question presented for review is whether or not the district court erred in holding that these facts under the applicable law failed to show a right to relief. We find the district court did not err in so holding.

Because of the procedural decision to dismiss for failure of plaintiff's proof in the district court, we are constrained to view the evidence in a light most favorable to plaintiff. MacDonald v. Protestant Episcopal Church, 150 Mont. 332, 435 P.2d 369. However, this does not relieve plaintiff of the burden of producing evidence in support of each element essential to his recovery. Section 93-1501-1, R.C.M. 1947.

Plaintiff proceeded on the theory that he possessed by virtue of grant a right in the ditch in question. To establish this right plaintiff must show that the right claimed was in fact granted to him. Plaintiff attempted to show the grant of the ditch right through introduction of his deed with its conveyance specifically of the ditch rights connected with his water right on Bear Creek and generally of all water ditches belonging to the property. He also testified as to the use and existence of the ditch.

While a warranty deed such as that offered by plaintiff is generally considered prima facie proof of good title (26A C.J.S. Deeds § 182(f)) this presumption extends only to property specifically described by such deed. In this case the only ditch rights which can be said to be specifically described were those connected with the right on Bear Creek.

The district court had before it the judgment awarding plaintiff a water right in Bear Creek. From that judgment the district court determined that the water right in Bear Creek did not give plaintiff a water right in Little Bear Creek. That judgment was not made a part of the record on this appeal. Accordingly, since we have no basis for review of the district court's determination,

we must assume that the denial of a water right in Little Bear Creek was correct. Joy v. Little, 134 Mont. 82, 328 P.2d 636. It follows that the ditch in question cannot be a ditch which was specifically granted as connected with the water right. Since the ditch right was not one of those specifically granted by plaintiff's deed, the deed alone does not serve as prima facie evidence of plaintiff's claimed ditch right.

To establish his claimed ditch right plaintiff must show not only that he was granted all "water ditches to the same belonging" but that the ditch he now claims was in fact a ditch which belonged to the property at the time of the grant. There was only plaintiff's testimony that the ditch was in existence and occasionally used. There was nothing to indicate the ditch b elonged to his grantor; that his grantor had some right therein; or even that his grantor claimed to have such an interest. The existence of the ditch and occasional use are as consistent with permissive use as they are with use by right. Plaintiff's failure to establish that this ditch was within the general grant contained in his deed of "all water ditches to the same belonging" is fatal to his claim of right by virtue of grant.

The judgment of the district court is affirmed.

_____ John Conway Harrison _____
Justice

We Concur:

_____ James T. Harrison _____
Chief Justice

_____ Wm. S. Daly _____

_____ Wesley Castles _____

_____
Justices.

- 4 -

Mr. Justice Frank I. Haswell specially concurring:

I concur in the result. Under the facts here, plaintiff's right to an injunction and damages requires establishment of a water right in plaintiff to the waters of Little Bear Creek. There is a complete failure of proof in this respect.

Here plaintiff is attempting to supplement the waters of Big Bear Creek (in which he has a water right) by diversion from the waters of Little Bear Creek (in which he has no water right) and thus enhance his water rights to the detriment of others.

_Frank I. Haswell_
Justice.