508 So.2d 663 (1987)
Earnest A. HARGETT
v.
MIDAS INTERNATIONAL CORPORATION.
No. 56711.
Supreme Court of Mississippi.
May 27, 1987.
John H. Cocke, Merkel & Cocke, Clarksdale, for appellant.
Thomas A. Wicker, Holland, Ray & Upchurch, Tupelo, for appellee.
Before WALKER, C.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
Is the manufacturer of a motor home purchased by a buyer in a used condition considered a "seller" for purposes of the implied warranty of merchantability under the Uniform Commercial Code? From a summary judgment granted by the Circuit Court of Lee County, holding that Midas International Corporation was not the seller of a used motor home, Hargett appeals assigning as error:
(1) The lower court erred in ruling that the appellee was not a "seller" and, therefore, that no implied warranty of merchantability was made upon the sale of this motor home.
(2) The lower court erred in granting the motion for summary judgment on the issues of negligence and breach of express verbal warranty regarding repairs, not even the subject of the appellee's motion for summary judgment.

I.
On April 9, 1979, Earnest A. Hargett purchased a used 1978 motor home from Windham Ford Company in Baldwyn, Mississippi. The motor home, bearing an identification number E37AHBA7394, was manufactured *664 by Midas International, a foreign corporation. No express warranties from Midas were given as a part of this sale.
Soon after the purchase of the motor home, Hargett allegedly endured a series of difficulties with the motor home to the extent that Hargett describes the motor home as having "completely fallen apart." In an attempt to have the motor home repaired, Hargett twice drove it to a Midas plant in Tennessee. The first attempt at repair was made at no cost to Hargett, but the second attempt at repair was made with a charge for parts.
When repairs were not made to his satisfaction, Hargett filed suit against Midas alleging negligence and breach of the implied warranty of merchantability owed by Midas to Hargett. Demanding $45,000 damages, Hargett also contended he should recover under strict liability.
Midas, in turn, filed a motion for summary judgment contending it was not a "seller" as defined in Miss. Code Ann. § 75-2-103 (1972), and was therefore not liable for a breach of an implied warranty of merchantability. The trial judge granted summary judgment on the issues of breach of implied warranty and negligence. From that ruling, Hargett perfects this appeal.

II.
Rule 56(b) of the Mississippi Rules of Civil Procedure provides, "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Rule 56 allows summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Brocato v. Mississippi Publishers Corp., 503 So.2d 241, 243 (Miss. 1987); Modling v. Bailey Homes & Insurance, 490 So.2d 887, 891 (Miss. 1986); Brown v. Credit Center Inc., 444 So.2d 358, 362 (Miss. 1983).
Miss. Code Ann. § 75-2-314 provides in part:
(1) A warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind....
(2) Goods to be merchantable must be at least such as
(a) pass without objection in the trade under the contract description; and
.....
(c) are fit for the ordinary purposes for which such goods are used... .
Because the Uniform Commercial Code does not distinguish between new and used goods, the implied warranty of merchantability applies to the sale of both new and used goods so long as "the seller is a merchant with respect to goods of that kind." Beck Enterprises, Inc. v. Hester, No. 56,905 (Miss. May 13, 1987) (not yet reported). "If a product conforms to the quality of other similar products in the market, it will normally be merchantable." Beck, Slip Op. at 6; White & Summers, Uniform Commercial Code § 9-7 (2d ed. 1980).
For purposes of the implied warranty of merchantability, a "seller" is defined as "a person who sells or contracts to sell goods." Miss. Code Ann. § 75-2-103(1)(d) (1972).

III.

Was Midas a "seller" as defined by Miss. Code Ann. § 75-2-103(1)(d) (1972) and as contemplated by Miss. Code Ann. § 75-2-314 (1972)?
This Court resolved a similar question in Volkswagon of America, Inc. v. Novak, 418 So.2d 801 (Miss. 1982), in which the buyers of a new automobile sought to revoke acceptance and recover the purchase price of the automobile from the manufacturer. The Court held that the manufacturer fit the Code definition of a "seller" and was liable on both express and implied warranties. Id. at 804. The reasoning employed in Volkswagon of America, Inc. v. Novak was recently reaffirmed in Fedders Corp. v. Boatright, 493 So.2d 301, 307 (Miss. 1986).
Volkswagon of America, Inc. v. Novak relied partially on Nobility Homes of Texas, *665 Inc. v. Shivers, 557 S.W.2d 77 (Tex. 1977), in which the purchaser of a motor home sought to recover from the manufacturer economic damages suffered as a result of defects in the workmanship and materials of the motor home. Despite the manufacturer's argument that it did not sell or contract to sell the unit to the purchaser, the Texas Court held:
Under the terms of the Code, a manufacturer may also be a seller. The Code does not limit its definition of seller to the immediate seller of a product. Instead, the Code defines a seller as "a person who sells or contracts to sell goods." [Citation omitted] Nobility Homes "sells or contracts to sell goods"; consequently, Nobility Homes is a seller under the Code.
Id. at 80.
The same may be said about Midas. Midas sells or contracts to sell motor homes and is therefore a seller as defined by § 75-2-103(1)(d).
The issue becomes whether Midas was "the seller" as contemplated by § 75-2-314. It is undisputed that Hargett purchased the motor home from Windham Ford Company in Baldwyn, Mississippi. It is also undisputed that Midas made no express warranties at the time the motor home was sold by Windham Ford. In addition the record contains affidavits from the president of Windham Ford Company stating that Windham Ford was not acting as the agent of Midas in the sale. In other words, Hargett was not in privity with Midas.
Lack of privity, however, is no bar to this cause of action. The privity requirement was statutorily abolished in Miss. Code Ann. § 11-7-20 (Supp. 1986) as follows:
In all causes of action for personal injury or property damage or economic loss brought on account of negligence, strict liability or breach of warranty, including actions brought under the provisions of the Uniform Commercial Code, privity shall not be a requirement to maintain said action.
See also, Keyes v. Guy Bailey Homes, Inc., 439 So.2d 670 (Miss. 1983).
The Court holds, therefore, that Hargett may maintain an action for breach of implied warranty of merchantability against Midas as a seller. To recover, Hargett must not only prove the motor home was unmerchantable as defined by Miss. Code Ann. § 75-2-314 (1972), but also establish the defects existed when the motor home left the defendant's control. Ford Motor Co. v. Tidwell, 563 S.W.2d 831, 835 (Tex.Civ.App. 1978); Linscott v. Smith, 3 Kan. App.2d 1, 587 P.2d 1271, 1275 (1978); St. Paul Mercury Insurance v. Jeep Corp., 175 Mont. 69, 572 P.2d 204, 206 (1977); Falcon Equipment Corp. v. Courtesy Lincoln Mercury, Inc., 536 F.2d 806, 810 (8th Cir.1976).
Requiring the plaintiff to prove the defects existed at the time the unit left the manufacturer's control assures that a manufacturer will not be held responsible for defects caused by the actions of intervening parties unrelated to the manufacturer but having access to the goods. Therefore, no greater burden is imposed on manufacturers by this ruling. They are simply required to produce goods merchantable under § 75-2-314. Compare, Keyes v. Guy Bailey Homes, Inc., 439 So.2d at 673.
For those reasons, the Court holds the trial court erred in granting summary judgment on this issue.

IV.

Negligence and Breach of Express Verbal Warranty
In addition to Hargett's claim for breach of implied warranty of merchantability, Hargett's complaint alleges a common law negligence theory of recovery which was dismissed by the summary judgment. Because there remained genuine issues of material fact regarding negligence by Midas, the trial court erred by granting summary judgment on the negligence cause of action.
As for an express verbal warranty arising from the repair work done by Midas on Hargett's motor home, no such warranty *666 is mentioned in Hargett's complaint, Midas' motion for summary judgment, or the trial court's granting of summary judgment. Without further proof, the Court holds the alleged express verbal warranty was not dismissed in the summary judgment and is not a proper subject of this appeal.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.