No. 13103

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

ISABELLE BARICH,

Plaintiff and Appellant,

-vs-

SHIRLEY OTTENSTROR, Administratrix of
the Estate of RICHARD OTTENSTROR as owner
of the CITY TRANSFER AND STORAGE COMPANY
and individually, AERO-MAYFLOWER TRANSIT
COMPANY, and DONNER TATUM COMPANY,

Defendants and Respondents.

---

Appeal from:  District Court of the Third Judicial District,
             Hon. Robert J. Boyd, Judge presiding.

Counsel of Record:

    For Appellant:

        McKeon and Skakles, Anaconda, Montana
        Michael McKeon argued, Anaconda, Montana

    For Respondents:

        Knight, Dahood, Mackay and McLean, Anaconda,
         Montana
        Wade J. Dahood argued, Anaconda, Montana
        Corette, Smith and Dean, Butte, Montana
        Dolphy O. Pohlman Jr. argued, Butte, Montana

---

                        Submitted:  March 2, 1976

                          Decided: MAY 14 1976

Filed:  MAY 14 1976

*Thomas J. Kearney*
                                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is from a summary judgment in a tort action filed in the third judicial district, Deer Lodge County. At the time the action was commenced Isabelle Barich was a resident of Opportunity, Deer Lodge County, Montana. Shirley Ottenstror was administratrix for the estate of Richard Ottenstror, owner of the City Transfer and Storage Company, a firm based principally in the city of Anaconda. The amended complaint joined the Aero-Mayflower Transit Company, a corporation, organized under the laws of the state of Indiana; and the Donner Tatum Company, a corporation, organized under the laws of the state of California.

Plaintiff Barich seeks both general and special damages from defendants as compensation for injuries sustained in connection with a large cardboard wardrobe box which was allegedly constructed, distributed, sold and handled in a negligent manner by defendants. In addition to the theory of negligence, the amended complaint specifies the concepts of warranty and strict liability as alternative grounds for liability.

The record consists of the pleadings, plaintiff's deposition, and the interrogatories and answers of all parties. On this basis defendants requested the district court to entertain motions for summary judgment pursuant to Rule 56, M.R.Civ.P. The motions were granted and plaintiff appeals.

It appears that in June 1968, appellant Barich purchased for five dollars a new wardrobe carton from City Transfer and Storage, an agent for Aero-Mayflower Transit Company. The carton is constructed of cardboard sheets held together with glue, and measures 24" x 22" x 51". It is distributed but not manufactured by the Donner Tatum Company in the ordinary course of its business.

The carton was purchased by appellant for use in a proposed move from Anaconda to Wexford, Pennsylvania. Appellant filled the carton with several articles of clothing, and it was

moved by employees of Aero-Mayflower Transit Company, several weeks after its purchase. Upon its arrival in Pennsylvania, the carton was unloaded and placed on pieces of lumber in an unheated garage with concrete walls and floor. The carton remained in that garage for the next two years subjected to the vicissitude of temperature and humidity typical to Pennsylvania. In June 1970, appellant and her husband returned to the Anaconda area. They rented a truck and performed all necessary packing and moving themselves. The now two year old carton was placed in a rented truck by Mr. Barich and it remained there until its arrival in Anaconda. In assisting her husband with the unloading of the truck, appellant was asked to move the carton away from the sidewall of the vehicle. To accomplish this Mrs. Barich placed her hand in a side space constructed in the carton as a type of handle, and pulled on it. The carton ripped, and appellant fell backward into a wheel well, breaking her wrist.

Several pictures of the carton were attached to appellant's deposition for the purpose of demonstrating the alleged defect which apparently caused the accident. These pictures also serve to illustrate the basic condition of the carton at the time of the accident. After over two years of continued use for both storage and moving, the carton, although clearly still usable, showed the obvious signs of normal wear and tear. A puncture hole exists on the same side used by appellant when the accident occurred, and a huge tear in the cardboard appears near the base of the carton. The box is necessarily reinforced by masking tape in several critical areas. Appellant was unable to recount any specific facts which might tend to explain the deterioration of the carton's condition.

This Court, on numerous occasions, has had the opportunity to explicate the fundamentals of summary judgment under Rule 56, M.R. Civ.P. The initial burden of establishing the absence of any genuine issue of material fact is imposed upon the moving party. Mustang Beverage Company, Inc., v. Jos. Schlitz Brewing Company, 162 Mont.

243, 246, 511 P.2d 1. But where the record discloses no genuine issue of material fact, the party opposing the motion is required to produce evidence sufficient to raise a genuine issue of fact before the trial court:

> "Thus the determinitive question here is whether respondent has raised factual issues that are material and of a substantial nature." State ex rel. City Motor Company v. Dist. Court, 32 St.Rep. 34,36, 166 Mont. 52, 530 P.2d 486.

In light of Rule 56, M.R.Civ.P., the party opposing a motion for summary judgment on a record which reveals no issue of material fact must present facts of a substantial nature. Conclusory or speculative statements are insufficient to raise a genuine issue of material fact. Harland v. Anderson, _____Mont._____, _____P.2d_____, 33 St.Rep. 363.

The legal problem presented here is essentially a matter of products liability. Because this appeal arises in the context of Rule 56, M.R.Civ.P., our analysis must initially determine the quantum and nature of proof required to provide the necessary legal basis to recover for injuries caused by an unsafe product. This Court has previously established that proof of the defect may be made through inferences drawn from circumstantial evidence, as well as by direct evidence. Brandenburger v. Toyota Motor Sales, 162 Mont. 506, 517, 513 P.2d 268.

Professor Prosser in Law of Torts 4th ed. §103, p. 671, discusses what elements must be established before recovery can be had in a products liability action:

> "The proof required of a plaintiff seeking to recover for injuries from an unsafe product is very largely the same, whether his cause of action rests upon negligence, warrant, or strict liability in tort.
>
> "On any of the three bases of liability, the plaintiff has the initial burden of establishing three things. The first is that he has been injured by the product. * * * The second is that the injury occurred because the product was defective, unreasonably unsafe. * * * The third is that the defect existed when the product left the hands of the particular defendant."

- 4 -

Since these elements are requisite proof in products liability cases regardless of the theory of liability advanced, we need not discuss the various theories upon which appellant seeks to hold respondents liable. 63 Am. Jur 2d, Products Liability, § 9, p.19; Hursh, American Law of Products Liability 2d, § 1:7, p. 19.

It is a well established rule in products liability cases that a manufacturer or seller is not liable for product caused injuries in the absence of proof that the instrumentality in question was defective or dangerous at the time the defendant was in possession or control of it, or when such product left defendant's possession and control. Richardson v. Farmers Union Oil Co., 131 Mont. 535, 312 P.2d 134; American Radiator & Standard Sanitary Corp. v. Fix, 200 F.2d 529; Northern v. General Motors Corp., 2 Utah 2d 9, 268 P.2d 981. In Restatement of Torts 2d § 402A, this concept to strict liability situations appears in Comment g, p. 351:

> "The burden of proof that the product was in a
> defective condition at the time that it left the
> hands of the particular seller is upon the injured
> plaintiff; and unless evidence can be produced which
> will support the conclusion that it was then defective,
> the burden is not sustained."

The law does not presume that a product was defective at the time it was under the control of a manufacturer or distributor, from a mere showing that a product may have been defective at the time of the accident. Maryland Cas. Co. v. Independent Metal Products Co., 203 F.2d 838. While a specific defect need not be shown where the evidence tends to negate injury producing causes which do not relate to a defect, this rule cannot be applied unless the evidence also negates the misuse or mishandling of the product by the plaintiff. Franks v. National Dairy Products Corp., 414 F.2d 682.

Here, respondents met their initial burden of proof under Rule 56, when they proved the product had been used for a considerable length of time following its manufacture and sale. Under such circumstances, many courts have recognized the logical appeal of the inference the defective condition could not have existed at the time the product was sold. Solomon v. White Motor Co., 153 F.Supp. 917; Auld v. Sears, Roebuck & Co., 261 App.Div. 918, 25 N.Y.S.2d 491, aff'd 41 N.E.2d 927; Courtois v. General Motors Corp., 37 N.J. 525, 182 A.2d 545; U.S. Rubber Co. v. Bauer, 319 F.2d 463; Kapp v. Sullivan Chevrolet Co., 234 Ark. 395, 353 S.W.2d 5. A manufacturer or seller is not required, under the law, to produce or sell a product that will never wear out. Jakubowski v. Minnesota Mining & Manufacturing, 42 N.J. 177, 199 A.2d 826.

Under these facts, the district court was correct in ruling that no genuine issue of material fact existed and that respondents were entitled to judgment as a matter of law. It was incumbent upon appellant to come forward with proof overcoming the inferences derived from the undisputed facts surrounding the issue of long, continued use to again raise the possibility shown in the pleadings that a genuine and material fact issue might have existed. Failing such a showing, the judgment is affirmed.

_____
Justice

We Concur:

_____

_____

_____
Justices

_____
Hon. B.W. Thomas, District
Judge, sitting for Chief Justice
James T. Harrison.

- 6 -