No. 83-186

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

ALVIN DETERT,

             Plaintiff and Respondent,

    -vs-

LAKE COUNTY, LAKE COUNTY COMMISSIONERS,
W.A. BURLEY, WES LEISHMAN, DON CORRIGAN,
LAKE COUNTY WEED CONTROL DISTRICT, et al.,

             Defendants and Appellants.

---

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Lake,
                The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        John R. Frederick, County Attorney, Polson,
        Montana

    For Respondent:

        Turnage & McNeil; C. B. McNeil, Polson, Montana

---

                    Submitted on Briefs:    September 29, 1983

                              Decided:    January 12, 1984

Filed:  JAN 12 1984

*Ethel M. Harrison*

---
                         Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a summary judgment entered by the Lake County District Court of the Fourth Judicial District. The sole issue is whether the District Court erred in granting summary judgment in favor of the plaintiff on his claim of negligent spraying of herbicides. We affirm the judgment.

On June 29, 1979, plaintiff filed a complaint alleging that on or about July 8, 1977 defendants negligently caused herbicides to be sprayed in a springwater ditch leading to plaintiff's pond. The complaint alleged further that as a result of the spraying, plaintiff suffered a loss of 32,411 rainbow trout, which plaintiff was raising in his pond for commercial resale. Plaintiff alleged an economic loss of $17,139.60 and prayed for judgment in that principal sum, plus attorney fees, costs and interest.

Defendants moved the court on July 23, 1979 to dismiss the complaint for failure to state a claim. The court denied defendants' motion to dismiss and allowed defendants "twenty days [from August 1, 1979] to further plead." Defendants did not answer plaintiff's complaint for two years notwithstanding the 20 day permissible response period specified by Rule 12(a), M.R.Civ.P. and the court order. Defendants filed an answer on July 29, 1981, the day after plaintiff moved the court for default judgment. The court ruled plaintiff's motion for default judgment moot because defendants had answered the complaint. Defendants' answer was a general denial with an assertion that plaintiff should be estopped from claiming damages in excess of $5,000. Defendants attached as an exhibit to their answer an "itemized claim" against the County which had been filed with and denied by Lake County in August, 1978.

2

Plaintiff filed a request for admission of facts and genuineness of documents on June 3, 1981. Defendants failed to respond within 30 days after service, as prescribed by Rule 36(a), M.R.Civ.P.

On June 15, 1982, more than a year after defendants were served with plaintiff's request for admissions, plaintiff filed a motion for summary judgment. He alleged that he was entitled to judgment as a matter of law and that no genuine issue of material fact existed since each of the matters asserted in his request for admissions was deemed admitted by reason of defendants' failure to respond. The court gave defendants one week from June 30, 1982 to file a brief in opposition to plaintiff's motion for summary judgment. No brief was filed by defendants. Six months later the court scheduled the matter for oral argument on February 2, 1983.

Defendants filed a brief in opposition to the motion for summary judgment on the day before the hearing. Defendants argued that the admissions did not establish (1) breach of a duty on their part; (2) that the spraying of herbicides proximately caused plaintiff's damages; (3) when plaintiff experienced the alleged damages; (4) what the harmful substance was that allegedly caused the damages; and (5) proof of a general market price on which a determination of damages could be based.

Lake County Attorney Richard Heinz belatedly tendered a written response to plaintiff's June 3, 1981 request for admissions during the February 2, 1983 hearing. The court took the matter under advisement and did not file defendants' untimely response.

The court issued findings of fact, conclusions of law and summary judgment against defendants in the sum of $15,941. Defendants argue that certain issues of material

3

fact exist and that summary judgment on the nearly four-year old complaint was improper.

I

Rule 36(a), M.R.Civ.P. provides in pertinent part:

"Each matter of which an admission is requested shall be separately set forth. The matter is admitted, unless within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . .."

Defendants tendered a written response to plaintiff's request for admission of facts and genuineness of documents approximately 1-1/2 years after service of the request. They offered no explanation or justification for their failure to respond in a timely manner.

The court was within its discretion in refusing to accept the untimely response. In State of N.D. v. Newberger (Mont. 1980), 613 P.2d 1002, 1006, 37 St.Rep. 1119, 1125, we found that the district court did not abuse its discretion in denying appellant leave to file late answers. There, as here, appellant did not ask the court for an extension of time to reply or indicate any reason for the failure to respond. We note that a five month delay was at issue in Newberger; approximately eighteen months passed in this case.

As a matter of law, each matter set forth in plaintiff's request for admission of facts was deemed admitted and conclusively established for purposes of the court's ruling on plaintiff's motion for summary judgment. As this Court stated in Naegeli v. Daniels (1965), 145 Mont. 323, 325, 400 P.2d 896, 898: "Having failed to reply to the demand for admissions within the time stated, the facts as set forth in the demand are deemed admitted."

By failing to respond, defendants admitted that on July 8, 1977, they caused herbicides to be sprayed on a ditch that carried springwater to plaintiff's rainbow trout pond. The ditch was clearly posted "no spraying" and defendants had been warned not to spray that ditch. As a result of the herbicide spraying, 32,410 rainbow trout were killed, and 43,441 trout survivors stopped growing for 60 days and required additional feeding. Defendants also admitted that plaintiff's loss because of the herbicide spraying totaled $15,941. (Admissions of Fact Nos. 1, 2, 6, 7, 9, 10, 11 & 12.)

To sustain a claim of actionable negligence, plaintiff must prove a legal duty, its breach, damages and that the breach of duty was the proximate cause of the injury. Pretty on Top v. City of Hardin (1979), 182 Mont. 311, 315, 597 P.2d 58, 60. We find that the admissions of fact establish each of these four elements of a negligence claim.

## II

Under Rule 56(c), M.R.Civ.P., a summary judgment is proper only if the record discloses no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

> "The party moving for summary judgment has the burden of showing the complete absence of any genuine issue as to all facts which are deemed material in light of those substantive principles which entitle him to a judgment as a matter of law. Big Man v. State (1981), Mont., 626 P.2d 235, 38 St.Rep. 362; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613. Once the movant has established that no material issues of fact exist, the burden shifts to the opposing party to raise an issue of fact. As we stated in Rumph:

> "'While the initial burden of proof must attach to the moving party, that burden shifts where the record discloses no genuine issue of material fact. Under these circumstances, the party opposing the motion must come forward with substantial evidence raising the issue. . . . Once the burden has shifted, the party opposing the motion is held to a

standard of proof which is as substantial as that initially imposed upon the moving party. . . .' 600 P.2d at 167 [citations omitted]." Krone v. McCann (1982), 638 P.2d 397, 399-400, 39 St.Rep. 10, 13.

Because defendants admitted each fact necessary to sustain plaintiff's negligence claim against them, plaintiff was entitled to judgment as a matter of law unless an issue of material fact was raised in defense against the motion. Defendants' counsel argued at the summary judgment hearing that plaintiff's pleadings failed to establish that the unidentified herbicide was deleterious to fish and that the herbicide was the sole proximate cause of the fish loss. In addition, defendants argued that the defense of estoppel which they raised in answering the complaint should not be ignored.

We find these arguments to be without merit. The burden had shifted to defendants to come forward with substantial evidence raising any issue of material fact. They failed to present any testimony, affidavit, exhibit, or any other evidence indicating that the herbicide they admitted having sprayed did not have a deleterious effect on plaintiff's fish and did not cause plaintiff to be damaged in the sum of $15,941.

The defense of estoppel and assertion that plaintiff's damages should be limited to the $5,000 initially claimed against the County became moot with defendants' admission that they caused plaintiff to sustain $15,941 in damages. In opposing plaintiff's motion, defendants failed to set forth any evidence that contradicted this admission. The previously submitted copy of plaintiff's 1978 itemized claim for $5,000 damages does not indicate when the fish loss occurred. Defendants presented no evidence that this claim was for the same incident or that it constituted anything

6

more than inadmissible evidence of an offer of compromise. Defendants, in essence, admitted plaintiff sustained $15,941 in damages, then asserted by way of conclusory statements of counsel that plaintiff's damages should be limited to $5,000. This Court stated in Barich v. Ottenstror (1976), 170 Mont. 38, 42, 550 P.2d 395, 397:

> "In light of Rule 56, M.R.Civ.P., the party opposing a motion for summary judgment on a record which reveals no issue of material fact must present facts of a substantial nature. Conclusory or speculative statements are insufficient to raise a genuine issue of material fact."

We find that defendants failed to present any fact of a substantial nature to oppose the motion for summary judgment after admitting each fact necessary to sustain an award in favor of plaintiff. We affirm the summary judgment of the District Court upon the basis that the record fails to disclose a genuine issue of material fact.

Justice

We concur:

Chief Justice

Justices

7