No. 84-274

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

BERNICE MARTIN, a minor, by LEONA
M. BERGER, her Guardian Ad Litem,

Plaintiff and Appellant,

-vs-

STATE OF MONTANA, DELORES COLBERG,
Superintendent of Public Instruc-
tion, Montana; COUNTY OF VALLEY,
Montana; IRMA McINERNEY, Super-
intendent of Schools, Valley County,
Montana; ELEMENTARY SCHOOL DISTRICT
NUMBER THIRTEEN (13), Nashua,
Valley County, Montana, et al.

Defendants and Respondents.

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Russell A. Lavigne, Jr., argued, Montana Legal
Services, Helena, Montana

For Respondents:

Anderson, Brown, Gerbase, Cebull & Jones; Richard
Cebull argued for State, Billings, Montana
Smith Law Firm; Chadwick Smith argued for School
District #13, Helena, Montana
David Nielson, County Attorney, argued, Glasgow,
Montana
James P. Lucas, (Jones), Miles City, Montana

Submitted: January 23, 1985

Decided: March 7, 1985

Filed: MAR 7 - 1985

*Ethel M. Harrison*

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiff, a minor, through her foster mother, appeals from an order of the District Court of the Seventeenth Judicial District, Valley County, of May 7, 1984, granting motions for summary judgment by defendants State of Montana and Dolores Colberg; Elementary School District Number Thirteen (13); Nashua, Valley County, Montana; and William Jones, psychologist. We affirm the lower court order.

The child's claim for damages from her placement in a special education program in 1973 first came before the Court in an appeal of a previous order of November 20, 1980, granting motions for summary judgment. B. M. v. State (Mont. 1982), 649 P.2d 425, 39 St.Rep. 1285. This Court held that the State is not protected by immunity and owes a duty of reasonable care in placing students in special education programs. We affirmed the dismissal of due process and equal protection claims and remanded for further proceedings. B. M., 649 P.2d at 427-428.

We hold now that the lower court's second order of May 7, 1984, was granted squarely on the issue of damages and that plaintiff/appellant failed to meet the burden shifted to her under Rule 56, M.R.Civ.P., to raise a genuine issue of material fact with respect to the claim for damages.

Following remand, both parties issued interrogatories, answers, depositions, production of documents, motions and supporting briefs. The trial judge examined the evidence presented upon discovery and found clear admissions by the plaintiff and her guardian in their depositions that no real injury had been suffered. Although the State mentioned these depositions in support of its motion, plaintiff did not

2

respond by affidavit or by reference to any sworn discovery to raise an issue of fact that was not conclusory or speculative regarding the alleged injury.

The lower court entered its May 7, 1984, order which granted the relief solely "on the grounds that there is no genuine issue as to any material fact with respect to the claim for damages contained in Plaintiff's Second Amended Complaint. . . ." The lower court dismissed the complaint with prejudice.

Appellant/plaintiff raises the following issues:

1. Did the lower court err in granting the motion for summary judgment?

2. Was expert testimony required to prove causation and damages?

3. Did the second amended complaint state a cause of action against defendant Valley County?

4. Does the "law of the present case" doctrine preclude granting summary judgment?

The first issue on the propriety of summary judgment is dispositive of the case, and the remaining three issues are peripheral.

Rule 56, M.R.Civ.P., presents procedure and protection for both parties in motions for summary judgment. The motion shall be served at least ten days before the hearing, and the adverse party may serve opposing affidavits.

> "Motion and Proceedings thereon. . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P.

> "Form of affidavits -- further testimony
> -- defense required. Supporting and
> opposing affidavits shall be made on
> personal knowledge, shall set forth such
> facts as would be admissible in evidence,
> and shall show affirmatively that the
> affiant is competent to testify to the
> matters stated therein. . . . The court
> may permit affidavits to be supplemented
> or opposed by depositions, answers to
> interrogatories, or further affidavits.
> When a motion for summary judgment is
> made and supported as provided in the
> rule, an adverse party may not rest upon
> the mere allegations or denials of his
> pleading, but his response, by affidavits
> or as otherwise provided in this rule,
> must set forth specific facts showing
> that there is a genuine issue for trial.
> If he does not so respond, summary judg-
> ment, if appropriate, shall be entered
> against him." Rule 56(e), M.R.Civ.P.
> (Emphasis added.)

This Court has long established precedent on the requirements of Rule 56, M.R.Civ.P., on the burden of proof. The initial burden of establishing the absence of any issue of material fact is on the party seeking summary judgment. But where the record discloses no genuine issue as to any material fact, then the burden shifts to the party opposing the motion to present evidence of a material and substantial nature to raise a genuine issue of fact. Roope et al. v. The Anaconda Company (1972), 159 Mont. 28, 32, 494 P.2d 922, 924; Mustang Beverage Co. v. Schlitz Brewing (1973), 162 Mont. 243, 246, 511 P.2d 1, 3; Krone v. McCann (Mont. 1982), 638 P.2d 397, 399-400, 39 St.Rep. 10, 13.

Furthermore, conclusory or speculative statements are insufficient to raise a genuine issue of material fact. Barich v. Ottenstror (1976), 170 Mont. 38, 42, 550 P.2d 395, 397, cited in Detert v. Lake County (Mont. 1984), 674 P.2d 1097, 1100-1101, 41 St.Rep. 76, 80. Where appellant failed to meet the burden shifted under Rule 56, M.R.Civ.P., the court's order granting summary judgment was proper. Shimsky

v. Valley Credit Union (Mont. 1984), 676 P.2d 1308, 1311-1312, 41 St.Rep. 258, 262.

Here, plaintiff repeated the initial allegations contained in the complaint. She may not rest upon the mere allegations of her pleadings but has an affirmative duty to respond by affidavits or reference to sworn testimony with specific facts that show there is a genuine issue for trial. Where plaintiff presents evidence of damages which are purely speculative, summary judgment is appropriate. Titeca v. State (Mont. 1981), 634 P.2d 1156, 1161, 38 St.Rep. 1533, 1540.

In disposing of the issue of summary judgment, we note that the remaining issues are moot. Expert testimony was not required to oppose the motion on summary judgment by the court's order. The lower court noted in an aside in the opinion, not the order, of plaintiff's difficulty at trial without such testimony. The summary judgment, however, required only evidentiary response by affidavit or by reference to sworn testimony to raise more than conclusory allegations.

It is irrelevant whether the second amended complaint stated a cause of action because at issue is a Rule 56, M.R.Civ.P., summary judgment, not a Rule 12(b)(6), M.R.Civ.P., motion to dismiss for failure to state a claim. Furthermore, plaintiff claims that the "law of the present case" doctrine governs the same issues in later stages of the same case. Arizona v. California (1983), 460 U.S. 605, 103 S.Ct. 1382, 75 L.Ed.2d 318. In B. M. v. State (Mont. 1982), 649 P.2d 425, 39 St.Rep. 1285, we reversed a different order for summary judgment granted upon different motions and grounded on different issues.

Affirmed.

_____
J. A. Turnage
Chief Justice

We concur:

_____
John Conway Harrison

_____

_____
John C. Sheehy

_____

_____
L. C. Gulbrandson
Justices

Mr. Justice William E. Hunt, Sr., dissenting:

I respectfully dissent. Here, the trial court had before it, evidence upon which it could base a verdict concerning the issue of damages. For example, B.M. was required to repeat one year in school, an item of damages which we have previously ruled as compensable. Graveley v. Springer (1965), 145 Mont. 486, 490, 402 P.2d 41, 43; she regressed developmentally by refusing to feed and dress herself; she was called a "retard" at school, was taunted about flunking, and suffered emotional insecurity.

Even though a judgment for damages must be supported by evidence that is not the product of mere guess or speculation, this Court has ruled that recovery of damages will not be denied, even if the mathematical precision of the figure is challenged, provided the evidence is sufficient to afford a reasonable basis for determining the specific amount awarded. Cremer v. Cremer Rodeo Land and Livestock Co. (Mont. 1981), 627 P.2d 1199, 1202, 38 St.Rep. 574, 578.

The law requires only that the trier of fact exercise calm and reasonable judgment, and the amount of the award rests of necessity in the sound discretion of the trier of fact. When there is strong evidence of the fact of damage, the defendant should not escape liability because the amount of damage cannot be proven with precision. Jarussi v. Board of Trustees, etc. (Mont. 1983), 664 P.2d 316, 318, 40 St.Rep. 720, 723.

The majority has cited Titeca v. State (Mont. 1981), 634 P.2d 1156, 38 St.Rep. 1533 for the proposition that damages which are purely speculative can be properly defeated by summary judgment. While that point is true, Titeca is inapposite. There, Titeca proved no damage, did not suffer a loss of property, did not show liability, and failed to

7

advance any viable theory of recovery. Here, however, counsel for B.M. did allege irreparable damages in the complaint and requested a specific monetary award. The District Court erroneously ruled that evidence requiring skilled and professional analysis to determine the cause and extent of damage cannot be supplied by a layperson, citing Ankeny v. Grunstead (1976), 170 Mont. 128, 135, 551 P.2d 1027, 1031-1032.

The District Court next erred in shifting the burden in this summary judgment action from the respondents to B.M. The burden shifts only when the record shows no genuine issue for trial. In the same depositions in which the alleged admissions occurred there is evidence wholly contrary to an admission. The "admissions" here are actually nothing more than selectively chosen, specific "yes" or "no" answers to general questions concerning B.M.'s mental and physical condition throughout a considerable period of time. In the same depositions from which these "admissions" were selected there is evidence in the form of answers to specific questions that contradicts the "admissions." Where the record contains evidence contesting other evidence it cannot be maintained that no issue exists. The burden could not shift here because the record showed issues for trial.

There is a catch-22 situation here. The District Court rejected B.M.'s lay testimony, ruling that expert testimony was required, and none being presented, B.M. loses to summary judgment. The majority, on the other hand, holds expert testimony was _not_ necessary, but does not recognize the lay testimony, and thus again, B.M. loses to summary judgment.

Justice

8