No. 86-91

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

MAYER BROS., a Washington
Corporation,

        Plaintiff and Respondent,

   -vs-

DANIEL RICHARD JEWELERS, INC.,
DANIEL McCLOY and RICHARD EMBRY,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
           In and for the County of Gallatin,
           The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morrow, Sedivy & Bennett; Edmund P. Sedivy, Jr.,
        Bozeman, Montana

    For Respondent:

        Moore, Rice, O'Connell & Refling; Christopher L.
        Manos, Bozeman, Montana

---

        Submitted on Briefs: August 21, 1986

              Decided:   October 9, 1986

Filed OCT 9 - 1986

_____
              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendants appeal the summary judgment against them granted in the District Court, Eighteenth Judicial District, Gallatin County. Defendants contend a genuine issue of material fact exists regarding the personal liability of the defendants for debts incurred on behalf of the corporation, Daniel Richard Jewelers, Inc.

On March 10, 1982, Dan McCloy and Dick Embry filled out a commercial credit application for the purpose of obtaining merchandise from Mayer Bros., a wholesale jewelers. The merchandise was to be on account for Daniel Richard Jewelers, which defendants indicated was owned as a corporation. At the bottom of the one-page typewritten application was the following paragraph:

> If credit is granted, the undersigned agrees to pay for all merchandise purchased. If the applicant is now or later becomes a corporation, the undersigned agrees to be personally liable for payment of all purchases. (Emphasis supplied.)

Defendants placed their signature below this paragraph.

On January 1, 1984, defendants executed four promissory notes, two for $11,500 and two for $15,000. The notes were signed "Daniel Richard Jewelers of Helena" or "Daniel Richard Jewelers, Inc." and were also signed by McCloy and Embry personally, without language showing they were signing as officers or agents of the corporation. A total of three payments have been made on the various notes, leaving a balance of $9,700.38, $10,605.78 and $30,000 owing. In May, 1984, Mayer Bros. filed a complaint against defendants for default on various payments due. In July, 1984, Mayer Bros. filed an amended complaint adding a count alleging defendants

owed Mayer Bros. $30,000 on an open account. In response to Mayer Bros.' request for admissions, defendants admitted corporate liability on the notes, but denied personal liability.

Mayer Bros. moved for a summary judgment on the pleadings, pursuant to Rule 56 of M.R.Civ.P., which was granted in June, 1985. The District Court found there was no genuine issue of material fact and ordered defendants to pay the amounts due. With respect to the personal liability of defendants McCloy and Embry, the court found each personally liable since each admitted signing the commercial credit application which provided for personal liability on payment for all purchases.

In reviewing an order for summary judgment, the standard of review for the appellate court is the same as that used by the trial court under Rule 56, M.R.Civ.P. Kronen v. Richter (Mont. 1984), 683 P.2d 1315, 1317, 41 St.Rep. 1312, 1314. Thus, we may find summary judgment proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P.

The initial burden is on Mayer Bros., as the moving party, to establish that the evidence raises no genuine issue of material fact. Morales v. Tuomi (Mont. 1985), 693 P.2d 532, 535, 42 St.Rep. 60, 62. In this instance, Mayer Bros. has alleged in its complaint and amended complaint that defendants breached their agreement to complete payment as scheduled on their promissory notes. Mayer Bros. attached copies of the commercial credit

application agreement and the promissory notes to the complaints. The credit application clearly stated that defendants would be personally liable for merchandise purchased on behalf of the corporation. Thus the record reflects defendants, both personally and as a corporation, agreed to pay for the merchandise and assume the debts of the corporation.

Once the record discloses no genuine issue of material fact, the burden of proof shifts to the party opposing the motion for summary judgment to show by present facts of a substantial nature that a material fact issue does exist. Farmers Ins. Exchange v. Christenson (Mont. 1985), 697 P.2d 460, 462, 42 St.Rep. 337, 339; National Gypsum Co. v. Johnson (1979), 182 Mont. 209, 212, 595 P.2d 1188, 1189. Mere conclusory or speculative statements are insufficient to raise a genuine issue of material fact. National Gypsum Co. at 212, 595 P.2d at 1189. The opposing party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." (Emphasis added.) Rule 56(e), M.R.Civ.P.

With this standard in mind, we turn to the record. There are two instances in the record where defendants address the issue of their personal liability. The first instance is the following exchange in the Requests for Admission:

> Admission No. 6: Admit that Exhibit 'A' provides that 'if the applicant is now or later becomes a corporation, the undersigned agree to be personally liable for payment of all purchases.'
>
> Response to Admission No. 6: Denied.

The second instance is in defendants' brief in opposition to the motion for summary judgment. Defendants state:

> [T]here are issues of fact remaining for determination by this Court, including:
>
> (1) Are Richard Embry and Daniel McCloy individually responsible and liable for the two Promissory Notes executed in favor of the Plaintiff by Daniel Richards Jewelers, Inc.;
>
> (2) Are Richard Embry and Daniel McCloy individually liable for either of the two Promissory Notes executed in favor of the Plaintiff Daniel Richard Jewelers of Helena;
>
> (3) Is Daniel Richard Jewelers, Inc., liable for either of the Promissory Notes executed in favor of the Plaintiff by Daniel Richard Jewelers of Helena.

Defendants' brief goes on to argue that the admission of corporate liability does not establish "Richard Embry's personal liability . . . [or] . . . Daniel McCloy's liability with respect to the Promissory Notes executed by Daniel Richard Jewelers, Inc. or Daniel Richard Jewelers of Helena.. . ." This is the extent of defendants' evidence of a material, factual issue for trial. Defendants offer no affidavits or testimony in support of their argument for no personal liability. In their brief on appeal, defendants argue that if the case is remanded for trial, they will testify that their intent at the time of signing the credit application was to be liable in a corporate capacity only. However, defendants present no evidence of a contrary intent except for this conclusory statement in their brief.

We have recently held that a party opposing a motion for summary judgment may not rest upon the mere allegations of the pleadings, but has an affirmative duty to respond by affidavits or sworn testimony with specific facts that show there is a genuine issue of fact for trial. B.M. By Berger

v. State (Mont. 1985), 698 P.2d 399, 401, 42 St.Rep. 272, 274-75; Rule 56(e), M.R.Civ.P. Without such specific factual evidence, we are unable to determine that any real factual controversy exists. Accordingly, we find the record indicates Mayer Bros. is owed the accrued sums plus interest, and defendants Embry and McCloy are liable on the debts in their personal capacities.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 6 -