No. 86-378

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

BONITA S. SCHELLINGER, individually,
and as Personal Representative of the Estate
of ROBERT K. SCHELLINGER and Guardian Ad
Litem of TODD R., STACY K. and RORY K., Minor
Children; and BRYAN E. SCHELLINGER,

        Plaintiffs and Appellants,

-vs-

MARSCHALL, PRESTON & ASSOCIATES, INC.,
an Idaho Corporation, MIKE RHODES AND
DALE SCHULTZ,

        Defendants and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bothe Law Firm; David W. Lauridsen, Columbia Falls,
        Montana

    For Respondent:

        Williams Law Firm; Paul Sharkey, Missoula, Montana

Submitted on Briefs: Nov. 20, 1986

Decided: February 24, 1987

Filed: FEB 24 1987

*Ethel M. Harrison*
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Appellants brought a wrongful death and survivorship action against Marschall, Preston and Associates and two of their employees (Marschall) alleging negligence. The District Court for the Fourth Judicial District, Missoula County, granted the summary judgment motion of Marschall. We affirm.

The issue is whether the District Court erred in granting Marschall's motion for summary judgment.

Robert K. Schellinger was a helicopter pilot who ran his own helicopter service and carried persons for compensation. He was hired by Marschall to transport part of a geological survey crew into and out of the Cabinet Mountains in 1981. In early May 1981, Mr. Schellinger was in the process of picking up two members of the survey crew on a steep hillside when the rotors of the helicopter hit the hillside, causing the helicopter to crash. Mr. Schellinger was killed in the crash.

In their complaint, the surviving spouse and children of Mr. Schellinger allege that the defendants:

> . . . had a duty to inform, advise and direct the decedent as to the location of his helicopter in relationship to the hillside and breached their duty by failing to properly notify the decedent that the rotors of his helicopter were too close to the hillside for a safe and proper boarding by the Defendants. In addition, the Defendants . . . knew, or should have known, that if they attempted to board the helicopter, the aircraft would move downward due to the change in weight distribution and collide with the adjoining hillside.

The District Court granted Marschall's motion for summary judgment and the Schellingers appealed maintaining there

are material facts to be resolved and thus the summary judgment order was improper.

Did the District Court err in granting Marschall's motion for summary judgment?

Mayer Bros. v. Daniel Richard Jewelers, Inc. (Mont. 1986), 726 P.2d 815, 43 St.Rep. 1821, contains a pertinent discussion of the summary judgment elements with which we are concerned:

> Thus, we may find summary judgment proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P.

Mayer Bros., 726 P.2d at 816, 43 St.Rep. at 1823. Mayer Bros. further emphasizes the nature of the required record stating:

> Once the record discloses no genuine issue of material fact, the burden of proof shifts to the party opposing the motion for summary judgment to show by present facts of a substantial nature that a material fact issue does exist. (Cases cited.) Mere conclusory or speculative statements are insufficient to raise a genuine issue of material fact. (Case cited.) The opposing party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." (Emphasis added.) Rule 56(e), M.R.Civ.P.

Mayer Bros., 726 P.2d at 816, 43 St.Rep. at 1823.

With the foregoing in mind, we now consider the contentions on the part of the Schellingers. In their briefs, the Schellingers attempt to raise the following issues of material fact: (1) whether the survey crew's contact with the helicopter prior to the crash caused the helicopter crash;

3

(2) whether the survey crew's lack of training and experience in helicopter procedure contributed to the crash; (3) whether one of the survey crew members actually opened the door of the helicopter; and (4) whether the testimony of one of the survey crew members was credible. Unfortunately, the record does not support the contentions of the plaintiffs. The record includes the transcript of the lower court's hearing, the depositions of Bonita S. Schellinger (wife of the deceased), Michael C. Duffield (the Schellinger's accountant), Robert B. Evans (private investigator), James W. Kruger (helicopter pilot), and Kenneth McNees (Federal Aviation Administration), several answers to interrogatories, requests for admissions, and various documents requested for production. Nothing in this record supports the contentions of the plaintiffs with regard to the issues of material fact.

As pointed out in Mayer Bros., the responsibility of the plaintiffs is to set forth by affidavits, or as otherwise provided in Rule 56, M.R.Civ.P., specific facts showing that there is a genuine issue for trial. The defendants, Mike Rhodes and Dale Schultz, who apparently were the only eye witnesses, were not deposed nor was a sworn statement of any type obtained from them. The record just does not support the arguments on the part of the plaintiffs.

Although we agree with the District Court's conclusion that summary judgment was proper in this case, we do wish to point out that the standard the District Court used to reach that conclusion was incorrect. In its order granting Marschall's summary judgment motion the District Court stated:

> Plaintiffs present no substantial admissible evidence to the effect that any negligence of the Defendants proximately caused, or was even a sub-

4

stantial factor in bringing about, the helicopter crash.

The test to determine whether summary judgment should be granted is not whether the party presented any "substantial admissible evidence," but rather whether there is a genuine issue of material fact. Rule 56(c), M.R.Civ.P. We recognize that the District Court initially stated that there was no issue of material fact and that Marschall was entitled to judgment as a matter of law. However, we emphasize the correct standard to be applied in summary judgment proceedings so there will be no confusion in future cases.

After a careful review of all of the materials in the record, we conclude that the plaintiffs have not shown the existence of a genuine issue of material fact. We affirm the summary judgment of the District Court.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices

5