No. 87-107

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JOYCE GROSS,

        Plaintiff and Appellant,

    -vs-

BARBARA MYERS,

    Defendant and Respondent.

---

APPEAL FROM:  District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Don Vernay argued, Big Fork, Montana

    For Respondent:

        Warden, Christiansen, Johnson & Berg; Thomas R.
        Bostock argued, Kalispell, Montana

---

Submitted:   October 6, 1987

Decided:   December 30, 1987

Filed:        1987

_____
                Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.


This is an appeal from an order of the Eleventh Judicial District, Flathead County, granting the defendant's motion for summary judgment in a civil action alleging professional negligence, invasion of privacy, violation of a statutory duty of confidentiality, and intentional infliction of emotional distress, all arising from defendant's reporting of alleged child abuse. We affirm.

The issues are:

1. Did the District Court err in concluding that the defendant, a clinical social worker running a therapy group, was subject to the reporting mandate of § 41-3-201(1), MCA (1985), under the circumstances of this case?

2. Did the District Court err in granting defendant's motion for summary judgment on the issue of her statutory immunity from civil liability?

In January 1986, the defendant, Ms. Myers, began a therapy group for non-offending members of families that had experienced some form of child sexual abuse. Ms. Myers is a licensed clinical social worker with an independent practice in Kalispell, Montana.

The plaintiff, Mrs. Gross, enrolled in the therapy group. Both parties agree that Mrs. Gross was adequately assured of strict confidentiality concerning matters raised during the group sessions. During one of these sessions, Mrs. Gross told the group about some incidents of sexual abuse which occurred between her husband and her daughters approximately 16 years earlier. When Mrs. Gross had originally learned of these incidents, she and her husband went for counseling to a mental health clinic, but state authorities were not notified.

2

After the third group session in 1986, Ms. Myers told Mrs. Gross that she was required by Montana law to report the incidents to state authorities. The parties agreed that Mrs. Gross was given an opportunity to make the report herself but chose not to do so. At the time of this conversation, all of the Gross' children were over nineteen years of age, and none of them were living with Mr. and Mrs. Gross.

Ms. Myers made the report by telephone to Mary Schulze of the Department of Human Services. Due to the remoteness of the incident, Mary Schulze made no further report or investigation of the matter.

Mrs. Gross brought this action in district court to recover damages allegedly caused by the report of child abuse made by Ms. Myers. Ms. Myers filed an answer, and during discovery, took Mrs. Gross' deposition. The parties also exchanged interrogatories. Ms. Myers then moved for summary judgment which was granted. From this order Mrs. Gross appeals.

I

Did the District Court err in concluding that the defendant, a clinical social worker running a therapy group, was subject to the reporting mandate of § 41-3-201(1), MCA (1985), under the circumstances of this case?

Sections 41-3-201(1) and (2), MCA (1985), provide as follows:

> When the professionals and officials listed in subsection (2) know or have reasonable cause to suspect that a child known to them in their professional or official capacity is an abused or neglected child, they shall report the matter promptly to the department of social and rehabilitation services or its local affiliate . . . (Emphasis added.)

3

(2) Professionals and officials required to report are:

(a) physician, resident, intern, or member of a hospital's staff engaged in the admission, examination, care, or treatment of persons;

(b) a nurse, osteopath, chiropractor, podiatrist, medical examiner, coroner, dentist, optometrist, or any other health or mental health professional;

(c) Christian Science practitoner and religious healers;

(d) school teachers, other school officials, and employees who work during regular school hours;

(e) a social worker, operator or employee of any registered or licensed day care or substitute care facility, or any other operator or employee of a child care facility;

(f) foster care, residential, or institutional worker; or

(g) a peace officer or other law enforcement official.

This part of the MCA is primarily civil in nature although criminal charges may be brought by a county attorney if the investigation reveals criminal violations. In substance the statutes provide a definite procedure following a child abuse report by any of the professionals listed. An investigation is to be made by the Department of Social and Rehabilitation Services (SRS), the county attorney, or a peace officer with access given to medical records and also to the child in question. If an investigation indicates that the child may have been abused, provisions are set forth under which SRS shall request and provide protective services for the child. In addition the SRS is required to advise the county attorney of the investigation. Within 60 days, a social worker is to report in writing to the SRS. At that point in time a child may be removed by the SRS, peace officer, or county attorney if immediate or apparent danger is present. The county attorney, attorney general, or peace officer may file a petition alleging abuse, neglect and dependency which is a civil action, and the procedure

4

thereafter is set forth under the statutes. None of the civil proceedings are a bar to criminal prosecution.

Ms. Myers, as a licensed social worker and mental health professional, is included in the list of professionals under § 41-3-201(2), MCA, and is subject to the mandatory reporting requirements if she had reasonable cause to suspect that a child known to her in her professional capacity was abused or neglected. Section 41-3-102(2), MCA, contains the following definition of "abused or neglected child":

> An "abused or neglected child" means a child whose normal physical or mental health or welfare is harmed or threatened with harm by the acts or omissions of his parent or other person responsible for his welfare.

Mrs. Gross argues that the statutory mandate to report exists only when the professional suspects current child abuse. In one sense she is correct. Section 41-3-102(6), MCA, defines threatened harm as "imminent risk of harm". Ms. Myers' cause for suspicion must be based upon a perceived present real harm or a perceived present imminent risk of harm. This perception need not always be based entirely upon current, culpable acts of those responsible for the child. The primary purpose of the statute is the protection of the child. If Ms. Myers, in her professional opinion had reasonable cause to suspect that a child presently is threatened with harm, she must report, whether her suspicion is based upon past acts, present acts, or both.

The question is whether Ms. Myers' suspicion was a reasonable one. In her affidavit in support of summary judgment she stated her concerns:

> My primary purpose in making the report was a concern for Joyce Gross's grandchildren. My training and experience leads me to the opinion that

5

child sexual abuse is a chronic behavior which, without therapeutic intervention, is subject to repetition, even after long lapses of time.

Reasonable cause as anticipated by § 41-3-201(1), MCA, clearly must be a subjective standard. While § 41-3-201, MCA, contains the reporting requirement for a professional such as Ms. Myers, it is essential that such professionals also be aware of their potential liability under § 41-3-207, MCA, in the event of a failure to report. Section 41-3-207, MCA, provides for both civil and criminal liability on the part of a professional who fails to report known or suspected child abuse. In the present case, Ms. Myers, as a professional, was required to exercise her own reasonable judgment within the circumstances presented. The purpose of the statutory requirement for the report of child abuse is to allow qualified persons in SRS, the county attorney, or peace officers to make the necessary investigation. The statutes do not require that the named professionals investigate to determine whether or not child abuse in fact has occurred. Ms. Myers submitted the affidavit of another therapist which supported her own professional opinion that sexual abuse toward children is chronic behavior which may reoccur even after a substantial lapse of time. Mrs. Gross submitted no evidence that Ms. Myers' suspicions were not reasonable. We conclude that the facts establish that the defendant had reasonable cause to suspect that a child may have been the subject of abuse or neglect. We hold the District Court did not commit error under these circumstances when it concluded that Ms. Myers was subject to the reporting mandate of § 41-3-201(1), MCA (1985).

II

Did the District Court err in granting defendant's motion for summary judgment on the issue of her statutory immunity from civil liability?

The District Court granted summary judgment under § 41-3-203, MCA, which provides immunity from liability. That statute reads:

> Anyone investigating or reporting any incident of child abuse or neglect . . . is immune from any liability, civil or criminal, that might otherwise be incurred or imposed, unless the person acted in bad faith or with malicious purpose.

Unless Ms. Myers acted in bad faith or with malicious purpose, she is immune from civil liability and summary judgment would be proper. Mrs. Gross in her deposition admitted that Ms. Myers did not intend to harm or embarrass her. She concedes that the defendant had no malice toward her. As a result we need consider only the issue of bad faith.

The standard to be applied for summary judgment is described in Mayer Bros. v. Daniel Richard Jewelers, Inc. (Mont. 1986), 726 P.2d 815, 43 St.Rep. 1821. The initial burden is on the moving party to show that the evidence raises no genuine issues of material fact. Then, if the moving party is successful, the burden shifts to the party opposing summary judgment to establish that the record contains issues of material fact. Mayer, 726 P.2d at 816.

Ms. Myers, as noted earlier, submitted an affidavit in support of her motion for summary judgment. In this affidavit she stated that her purposes for reporting were her concern for the grandchildren of Mrs. Gross and her desire to protect those children. She also said that she had no intent to harm or embarrass Mrs. Gross or the family.

7

Mrs. Gross filed no affidavit alleging facts which might support her allegation of bad faith. She contends that the record raises a number of issues of fact regarding bad faith. Specifically, Mrs. Gross stated in her deposition that she believed she was being used in a "campaign" by the defendant against child abuse. No facts are set forth to indicate the nature of such a campaign. The statute contemplates action against child abuse on the part of all professionals. Mere conclusory or speculative statements are not sufficient to raise an issue of material fact. See Mayer, 726 P.2d at 816.

Additionally, Mrs. Gross states that issues exist regarding whether Ms. Myers came from an abusive family situation herself and whether she has made other "questionable reports" in the past. These issues were evidently the subject of interrogatories to Ms. Myers, some of which the court eventually ruled must be answered and then inspected in camera by the District Court prior to ruling upon summary judgment. Mrs. Gross complains that she had no opportunity to see these answers to interrogatories. We have viewed these interrogatories and conclude that they raise no issues of material fact with regard to bad faith.

As observed by the District Court, Ms. Myers' affidavit of good faith remains uncontroverted. Mrs. Gross argues that her pleadings have raised a genuine issue for trial as to bad faith. On the contrary, the rule in Montana was stated in B.M. By Berger v. State (Mont. 1985), 698 P.2d 399, 42 St.Rep. 272:

> [The party opposing summary judgment] may not rest upon the mere allegations of her pleadings but has an affirmative duty to respond by affidavits or reference to sworn testimony with specific facts that show there is a genuine issue for trial.

B.M. 698 P.2d at 401.  Mrs. Gross has failed to meet this burden and summary judgment was proper.  As a result, Ms. Myers  is immune from civil liability for reporting in this instance.  We affirm.

_____
Justice

We concur:

_____
_____
_____

_____
Justices

Mr. Justice John C. Sheehy, dissenting:


I dissent to the over-broad and unwarranted interpretation of the reporting mandate of § 41-3-201(1), MCA, (1985) as applied to this case.

Section 41-3-201(1), provides:

> When the professionals and officials listed in subsection (2) know or have reasonable cause to suspect that a <u>child known</u> to them in their professional or official capacity <u>is an abused</u> or neglected <u>child</u>, they shall report the matter promptly to the department of social and rehabilitation services or its local affiliate . . .. (Emphasis added.)

Where, under the statute, is the <u>child</u> that was <u>known</u> to Barbara Myers in this case to be an abused or neglected child which required her report? There is none. There is no abused child here under 18 years of age.

The "child" must be a person under 18 years of age. Section 41-3-102(1), MCA.

> An "<u>abused</u> . . . <u>child</u>" means a child whose normal, <u>physical</u>, or mental health or welfare <u>is harmed or threatened with harm</u> by the acts or omissions of his <u>parent</u> or other <u>person who is responsible for his welfare</u>. (Emphasis supplied.)

Section 41-3-102(2).

The alleged abuser must be either the parent of any abused child under the statute, or he must be <u>responsible for the child's welfare</u>. This alleged abuser does not fit the statute.

Where is the "abused child" in this case? Barbara Myers had no knowledge that the alleged abuser was the parent of any <u>child</u> who was so harmed and threatened as described to constitute an abused child, and certainly knew of no child

for whom the alleged abuser <u>was</u> <u>responsible</u> <u>for</u> <u>the</u> <u>child's</u> <u>welfare</u>.

Where is the harm or threatened harm to the child's health and welfare in this case? The statute states that it means the harm that occurs whenever the parent or other person responsible for the child's welfare "commits or allows to be committed a sexual assault against the child or expose the child or allows the child to be exploited for sexual purposes or commits or allows to be committed the act of sexually abusing the children." Section 41-3-102(3)(b).

In this case therefore, there is absolutely nothing within § 41-3-201, MCA, which required a report by Barbara Myers so damaging to the husband of Joyce Gross. There was no "child known' to Barbara Myers; there was no "abused child"; there was no "harm to a child's health or welfare" threatened or present against a child based on sexual assault or one exploited for sexual purposes or otherwise sexually abused, and there was no child for whose welfare the alleged abuser was responsible. We have only a professional busybody.

The "threatened harm" required under the statute must be an "imminent risk of harm." Section 41-3-102(6). The majority opinion has transformed "imminent" into barely possible; perhaps; maybe; well, it <u>could</u> happen.

We are statutorily directed in the construction of statutes that our office is "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA.

As to the second portion of the majority opinion, whether Barbara Myers acted maliciously so as to avoid immunity is a question of fact for a trier of fact and not for the District Court or this Court simply on affidavits.

The content of the affidavits is disputed, and summary judgment was improper. However, in my view, the immunity statute does not apply, because in this case Barbara Myers was not acting within § 41-3-201(1), MCA, when she violated the confidence reposed in her by Joyce Gross.

_____
John C. Sheehy
Justice

I concur in the above dissent.

_____
J. A. Turnage
Chief Justice