JUSTICE WEBER
dissenting:
The majority opinion refers to the filing of a complaint alleging that the stairway was slick and highly polished and not treated with anti-slip material, and thus, constituted a hidden and lurking danger and that the University knew or should have known of the danger and failed to warn. The majority opinion again refers to the complaint and brief in opposition to the motion for summary judgment where the plaintiff alleged that the stairway was slick, highly polished, and not treated with anti-slip or non-skid protective material.
I would first emphasize that the complaint is not a sworn complaint. It is merely a complaint signed by the attorney for plaintiff, without any statement under oath as to its truthfulness.
The majority opinion briefly refers to the three affidavits filed by the University and then concludes as follows:
The statements by the University’s employees do not meet the burden of proof imposed upon the University in a motion for summary judgment. In addition, the affidavit of Clarence Hester does not prove that there is not a complete lack of a genuine issue of a material factual dispute. The fact-finder should be given the opportunity to determine whether the University was negligent in failing to maintain the stairs, and whether it was negligent in failing to warn of a hazardous condition.
I suggest that the majority opinion has disregarded both our rules with regard to summary judgment as well as the controlling decisions of this Court.
The District Court entered a thirteen page opinion and order setting forth in detail its reasons for entry of summary judgment for *289 the defendant. I believe the summary by the District Court is enlightening:
In summary, the principle holding of the Court is that the Defendant’s Motion for Summary Judgment is granted. The undisputed facts show that no defect existed; that no prior injuries or complaints existed; and that the stairs were constructed within guideline specifications. The undisputed facts do not show that the Defendants breached a duty of ordinary care to Moffatt and do not show the existence of a step which constituted a hidden danger in the step itself or the area surrounding the step or any other unsafe condition. Moffatt’s negligence claim rests entirely on the assumption that the subject stairs constitute a hidden or lurking, or otherwise dangerous condition. Moffatt has failed to provide this Court with any objective evidence, whatsoever, which tends to prove or disprove the existence of any genuine issue of material fact regarding the alleged dangerous conditions. On the other hand, this Court finds that UM has satisfied its burden under Rule 56(c), M.R.Civ.P., that no genuine issue of material fact exists, and that UM is entitled to summary judgment as a matter of law.
I believe the record before the District Court supports the foregoing analysis and conclusion. I emphasize that the references to the pleading in an unsworn complaint and to the brief are inappropriate because the statements in such unsworn instruments are not admissible for summary judgment purposes. Rule 56(e), M.R.Civ.P., sets forth key aspects of the affidavits to be used with regard to summary judgment:
Form of affidavits — further testimony — defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party’s pleading, but the adverse party’s response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (Emphasis supplied.)
*290 The provisions of Rule 56, with regard to summary judgment, have been considered in many cases. In particular, we have concluded that resting upon allegations of a pleading is not sufficient. As stated in Mayer Bros. v. Daniel Richard Jewelers, Inc. (1986), 223 Mont. 397, 400, 726 P.2d 815, 817:
We have recently held that a party opposing a motion for summary judgment may not rest upon the mere allegations of the pleadings, but has an affirmative duty to respond by affidavits or sworn testimony with specific facts that show there is a genuine issue of fact for trial. B.M. By Berger v. State (Mont. 1985), [215 Mont. 175], 698 P.2d 399, 401, 42 St.Rep. 272, 274-75; Rule 56(e), M.R.Civ.P Without such specific factual evidence, we are unable to determine that any real factual controversy exists ...
In analyzing the very extensive affidavits submitted by the defendant, the District Court referred first of all to the testimony of Mr. Willett, the Safety and Security Manager. It points out that he testified that after an exhaustive and complete examination of the files, he did not find any reports or complaints of problems or falls on any staircase in this particular building prior to the report of the plaintiff. The record shows that he and his staff made regular inspections and that he had no personal knowledge, nor had he received any knowledge from the staff of any dangerous condition created by the alleged slippery metal nose of any stairs, or otherwise.
The District Court also referred to the affidavit of Mr. Wheatley who is the supervisor of the building trades section of the Physical Plant at the University. He is responsible for doing the actual work. He was not aware of any prior accident caused by a slippery metal nose piece, and was not aware of any previous complaints that the stairs were in a dangerous condition.
The court also referred to the affidavit of Clarence Hester, which the majority opinion apparently concludes was somehow incomplete. I don’t understand that. In substance, Mr. Hester testified that he is the Bureau Chief of the Design and Construction Bureau of the Department of Administration and that he has been the Bureau Chief for twenty-three years; and that he has an architectural engineering degree and is a registered architect. His sworn affidavit established that the responsibility of his bureau was to review all construction plans to ensure to that all designs meet with appropriate building code standards and that the final plan for the pharmacy-psychology building at the University was reviewed by the Bureau. With regard to the composition and construction, he then stated:
*291 5. That the composition of the stairs in the building as planned and as completed is of concrete and metal. Specifically, the stairs are brushed concrete with metal nose plates.
6. That the composition of the stairs is within the Building Code Standards for acceptable stair materials.
7. That it is a customary and acceptable practice in the building construction trade to build stairs of the above composition and in the above manner.
8. That there are no building code provisions which either require or recommend that “no-slip grip strips” or any similar material or device be placed on the metal nose plates of stairs composed of the above materials.
After consideration of the affidavits submitted by the defendant University, the District Court pointed out that there is a total lack of objective evidence submitted by the plaintiff or otherwise presented which raises any material issue of fact. As stated by the District Court:
This Court has reviewed the entire record. The evidence consists of three affidavits, all proposed by UM. These affidavits establish that UM was not aware of any alleged dangerous steps because there had never been any previous complaints, that inspections by its own staff did not reveal any hazards, and that the steps were built within industry accepted standards. No evidence in the form of depositions, affidavits or pictures were presented by Moffatt which might have established the existence of a condition that was not visibly safe .... Moffatt’s mere recitation of her opinions and allegations is not sufficient to existence of a genuine issue of material fact ....
I believe the record fully supports the conclusions and summary judgment entered by the District Court. Where the plaintiff has failed to present anything in the nature of a sworn pleading, affidavit or deposition, which tends to establish that the University was negligent in failing to maintain the stairs or that it was negligent in failing to warn of a hazardous condition, I am unable to understand how the majority remands for a determination of those issues.
Under Rule 56, M.R.Civ.P., and our Montana cases, I believe this Court is required to affirm the summary judgment entered by the District Court.