Roy E. BENNETT, by and through Vir-
ginia L. Bennett, court appointed
guardian; Virginia Bennett, Plain-
tiffs—Appellants,

v.

SCHUBERTH HELME GMBH & CO., a
corporation organized in the Federal
Republic of Germany; Bayerische
Motoren, a corporation organized in
the Federal Republic of Germany, aka
BMW AG Motorrad; BMW of North
America, Inc., Defendants—Appellees.

No. 02–35747.
D.C. No. CV–99–00035–RFC.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

Submitted Oct. 8, 2003.*

Decided Oct. 14, 2003.

Before D.W. NELSON, KOZINSKI, and McKEOWN, Circuit Judges.

MEMORANDUM **

Bennett appeals the grant of defendants' motion to exclude the causation testimony of Dr. Malcolm Newman and the grant of defendants' motion for summary judgment.

A ruling to exclude expert testimony under Federal Rule of Evidence 702 is reviewed for abuse of discretion even when that ruling is "dispositive of a motion for summary judgment." *Lust v. Merrell Dow Pharms.*, 89 F.3d 594, 597 (9th Cir. 1996). A grant of summary judgment is reviewed *de novo. Id.* at 596.

Newman admitted that he cannot identify Bennett's specific injuries, or analyze those injuries to determine the forces that caused them. The district court did not abuse its discretion when it determined that Newman cannot testify regarding causation.

The district court did, however, improperly grant defendants' motion for summary judgment on the Bennetts' product defect, failure to warn, breach of express and implied warranty, negligence and loss of support claims. Montana law permits circumstantial evidence of causation in product defect cases. *See Brandenburger v. Toyota Motor Sales*, 162 Mont. 506, 513 P.2d 268, 275 (Mont.1973); *Barich v. Ottenstror*, 550 P.2d 395, 397–98 (Mont.1976). Sufficient circumstantial evidence exists on the record, including Newman's noncausation testimony, from which a rational jury could find that defects in the helmet caused Bennett's injuries. Each party shall bear its own costs on appeal.

AFFIRMED IN PART AND REVERSED IN PART.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.