No. 84-445

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

ALFRED L. BISHOP,

Plaintiff and Appellant,

-vs-

ROBERT E. HENDRICKSON,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Alfred L. Bishop, Billings, Montana

For Respondent:

R. P. Ryan, Billings, Montana

---

Submitted on Briefs: Jan. 10, 1985

Decided: March 7, 1985

Filed: MAR 7 - 1985

_Ethel M. Harrison_
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Alfred L. Bishop appeals an Order of the Yellowstone County District Court granting Robert E. Hendrickson's motion for summary judgment. The issues raised are two: first, whether a conversation between Bishop and Hendrickson constituted an enforceable contract to employ Bishop's daughter; and second, if so, whether Hendrickson breached that contract, proximately causing damage to Bishop. We find that Bishop has failed to raise a genuine issue of material fact to preclude entry of summary judgment. Accordingly, we affirm.

Bishop was employed by the law firm of Earl V. Cline and Hendrickson in 1952. After Cline's death, Hendrickson and Bishop formed a partnership, in 1965. In 1976, the partnership was expanded to take in Gary Everson under the partnership name of Hendrickson, Bishop and Everson. In 1978, the partners formed a professional corporation under the name of Hendrickson and Bishop, P.C.

Both Hendrickson and Bishop had daughters who attended law school. Hendrickson's daughter worked for the firm for approximately one year as a law clerk, but not as a lawyer. For personal reasons, she left the firm. Bishop's daughter Debbie began working with the firm after law school graduation. She worked for approximately one month. When Debbie inquired about getting paid, she was told she would not be hired by the firm.

Bishop filed an amended complaint in District Court on April 4, 1983, alleging that at some point during their period of association, he and Hendrickson contracted with

each other that "in the event any of their children ever became lawyers and wanted to practice law with the firm that there would be a place for such child or children in the law firm," and that Hendrickson had breached the contract by refusing to hire Debbie.

Hendrickson filed a motion for summary judgment. On August 13, 1984, the District Court entered its order granting Hendrickson's motion for summary judgment, finding the alleged contract was highly uncertain, to-wit, "a place" in the law firm.

It is well-settled that many contracts may be oral. Section 28-2-901, MCA, provides:

> "When contracts may be oral. All contracts may be oral except such as are specially required by statute to be in writing."

However, it is clear that a contract must be certain and that the words "a place" in the law firm for a person is not certain enough to meet the requirement. Restatement (Second) of Contracts § 33(1) (1979) states:

> "Section 33. Certainty. (1) Even though a manifestation of intention is intended to be understood as an offer, it cannot be accepted so as to form a contract unless the terms of the contract are reasonably certain."

This alleged contract fails to satisfy that requirement. It is not certain whether children who may be born in the future come within such a contract; it is neither clear nor certain whether someone coming to the firm must be hired, and if so, to what position; and factors such as salary and terms of employment are totally unknown. At best, the alleged contract is ambiguous.

In his deposition of April 4, 1983, Bishop conceded the conversation took place "way back, many years ago, when the kids were little."

- 3 -

Bishop asserted Hendrickson reaffirmed the agreement on December 13, 1981, in a conversation with himself (Bishop) and others: "You know that Al and I have an agreement." It is Bishop's position that this statement disposed of any problem with the one-year requirement of the statute of frauds for oral contracts.

In support of his argument that there was a contract, Bishop cited Davis v. Davis (1972), 159 Mont. 355, 497 P.2d 315, which provides that oral contracts, fully executed by one of the parties represent a well-recognized exception to the statute of frauds. Bishop contended the hiring of Hendrickson's daughter as a law clerk completed the oral contract and satisfied the statute of frauds. That is inconsistent even with his own assertion that the alleged agreement was to hire their children as lawyers, not as law clerks. Hendrickson's daughter was not able to practice law with the firm at that time because she was not a member of the Bar, and thus her work as a law clerk could not perfect the alleged agreement. Therefore we do not reach the point at which the Davis rationale applies.

In appeals from orders granting summary judgment, the standard of review is to resolve all factual disputes in favor of the appellant, against whom summary judgment was granted. The party opposing summary judgment must come forward with substantial evidence raising an issue of material fact. Stepanek v. Kober Const. (Mont. 1981), 625 P.2d 51, 52, 38 St.Rep. 385, 386.

Viewing the record in the light most favorable to Bishop, we do not find evidence to show the existence of an enforceable contract with Hendrickson to hire Debbie.

Accordingly, we affirm the order of the District Court.

_____
                Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
                Justices